Dillon v. McAlister et al.

---

### DILLON VS. McALISTER ET AL.

FRAUD: *Money obtained by false representations. Remedy.*

> A. purchased a widow's dower in lands and sold it to B. for $350. Afterwards the heirs sued B. in ejectment for the land and by collusion between them he suffered judgment to go against him with the view of reclaiming from A. what he had paid him and something for damages. He and his counsel then by false and fraudulent representations as to the judgment induced A. to pay him $400. A. upon discovery of the fraud, filed his bill to cancel the deed he had made to him and for intermediate rents and profits on the land. HELD: That his only remedy was at law for the fraud in obtaining the money.

APPEAL from *Conway* Circuit Court in Chancery.
Hon. W. D. JACOWAY, Circuit Judge.

*Y. B. Shepard* for Appellant.

Although plaintiff was not liable to McAllister for damages, he was induced to pay a large amount by the fraudulent representations of McAllister and the other defendants. 35 *Ark.*, 107; 36 *Id.* 543; 37 *Id.* 348.

STATEMENT.

EAKIN, J. The bill in this case was dismissed after a demurrer had been sustained; the complainant declining to amend. From this he appeals.

The bill shows that appellant had purchased of the widow of Hugh Couch, a forty-acre tract of land, which

had been assigned to her as dower; and had afterwards sold the same, and caused it to be conveyed to defendant McAllister—whether by warranty or quit claim does not appear.

Afterwards, defendants Thomas and Shepard Couch, minor heirs of Hugh Couch, recovered possession of the land by action at law against McAllister, who being well advised of his rights, declined to set up his dower interest. This, it is charged, was done by a corrupt collusion between McAllister on one side, and the heirs, with their next friend, on the other, by which the former was to suffer judgment, in consideration that the latter would assist him in extorting from complainant the sum of four hundred dollars. The original consideration paid by McAllister being three hundred and fifty. In effect it is charged that McAllister adopted this plan of getting rid of his bargain, and getting back his money with something for damages.

The bill proceeds to charge, that in pursuance of said agreement, McAllister, with his counsel, who had been also the next friend of the heirs in the suit, came to him demanding a rescission of the contract, and repayment of the purchase money—falsely and fraudulently stating that they had, in said suit, obtained a decree for the purpose; and threatening his property with execution. He believed the representations, and paid the $400, which was accepted as a rescission of the sale.

McAllister is insolvent, but has remained in possession, taking rents and profits. The bill prays that a receiver may be appointed to take them, and that at the hearing the deed which was executed to McAllister may be cancelled, and the land, with the rents and profits, be decreed to complainant. There is the usual prayer for general relief.

Dillon v. McAlister et al.

OPINION.

No fraud is complained of in the original sale to Mc- 1. *Money obtained by false representations.* Allister. That had been consummated at the time of the suit. The complainant had entirely denuded himself of all title, without power of reclamation or redemption, and all interests in the land were fully represented by the parties to the suit. If by collusion between themselves, for a collateral purpose, McAllister suffered judgment, he gave up only what was his own, and so far as that goes, it did no harm to complainant. He had no vistige of title but the money instead. McAllister was precluded from questioning the judgment, and he could not confer that right upon any one else, either by a conveyance, or by an attempted rescission of a previous valid conveyance to himself, which was efficacious to vest title in him at the time of the judgment. The judgment was decisive as to the title of the heirs against McAllister and those claiming under him subsequently. It would now be a vain thing to decree a reconveyance to complainant of the title which he formerly conveyed to McAllister. It would not be effective against the judgment in favor of the heirs. Nor can there be a foundation for a claim of rents, profits out of land, to which complainant had no title, legal or equitable.

The fraud practiced upon him, was in obtaining four *Remedy.* hundred dollars by false and fraudulent representations. If that were really true it might be a matter concerning which the State might have something to say, but in that respect, the civil Courts will not take cognizance in a civil suit. They can only see that complainant has been wrongfully led to pay a sum of money which he was under no duty or obligation to pay; for the recovery of which an action at law might lie. But, in the absence of other equitable elements for relief, Courts of Chancery

do not entertain bills for compensation in money merely. Such relief, if it be all to which complainant is entitled, cannot be administered under a prayer for general relief. The bill is not framed in such manner that if it were transferred to the law side of the Court, it might be prosecuted there for the money paid. This is not within its scope and purview.

The dismissal of the bill does not prejudice any right to a suit at law for the money, and was proper.

Affirm.