## Park, Appellant, *v.* Holmes.

*Replevin—Practice (C. P.) —Amendment—Defective judgment.*

In an action of replevin for goods distrained for rent, the jury returned a verdict "that defendant is entitled to $561 rent in arrears, and that the value of the goods liable to said rent is $300. As to the rest of the goods they find for plaintiff." Subsequently the following entry was made on the record: "Feb. 2, 1891, jury fee paid (by deft) eo die judgment." *Held*, that the verdict contained sufficient to have justified the court in molding it into proper form, but that the judgment itself would not support an execution, inasmuch as it was silent as to the sum for which and the person against whom it was intended to be entered.

*Practice (Supreme Court)—Amendment of record.*

In this case the Supreme Court refused to amend the record and mold the judgment to the verdict, because (1) it would have been unfair to the appellant in view of the trouble and expense to which he had been put; (2) because amendments of the record of the common pleas, if necessary, belong more appropriately to that court.

Argued Jan. 15, 1892.  Appeal, No. 62, Jan. T., 1892, by plaintiff, Ellen H. Park, from order of C. P. No. 1, Phila. Co., June T., 1887, No. 643, discharging a rule to set aside fi. fa. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.  .

Replevin against a landlord for goods distrained for rent.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court discharging the rule to set aside the fi. fa.

*E. Hunn, Jr.*, for appellant.—The verdict, as it stands, declares two things, viz.: (*a*) How much rent is due from the tenant to his landlord (the plaintiff).  (*b*) " That the value of the goods liable for the rent is $300."  (*c*) It is in favor of the plaintiff for " the rest of the goods."  How then can the defendant issue an execution when there is no verdict in his favor ?

The defendant appears to have paid the jury fee, and on his doing so, judgment was entered.  This was judgment for the plaintiff.  It could not be otherwise.  The usual and proper practice in replevin is for the jury to find three things, if any rent appears to be due.  (1) Verdict generally for the defendant.  (2) Amount of rent due from tenant.  (3) The value of the goods liable for the rent in arrear.

Here they found the second and third, but their verdict was expressly for the plaintiff whose goods had been wrongfully taken by the defendant, and this verdict will sustain a judgment for plaintiff against defendant, and the judgment will carry costs, as verdict for plaintiff always does at common law, if he obtains it for any portion of his claim.  But there being no verdict for defendant, there can be no judgment for defendant, and consequently no execution for defendant.

*Lincoln L. Eyre*, for appellee.—Certainty to a common intent in a verdict is sufficient, and courts will mold it into proper form: T. & H. Pr., § 720, ed. 1880; Liter v. Green, 2 Wheat. *306; Bickham v. Smith, 62 Pa. 45; Fisher v. Kean, 1 Watts, 261; Cavene v. McMichael, 8 S. & R. 441; Patterson v. U. S., 2 Wheat. 221; Downey v. Hicks, 14 How. *247. The measure of damage is the appraised value of the goods for which the plaintiff is liable: Pittsburgh Bank v. Hall, 107 Pa.

583.   The verdict is strictly in accordance with the provisions of 17 Car. II., c. 7, which, whether in force or not in Pennsylvania, has been substantially followed in this state for at least forty years: Morris on Replevin, ch. 13; Rosenthal v. Lehman, 36 Leg. Int. 105, C. P. No. 1, Phila. Co.   The jury may find for the defendant as to part of the goods and for the plaintiff as to the rest; and judgment may be entered on such a verdict: Wright v. Funck, 94 Pa. 26.

OPINION BY MR. JUSTICE STERRETT, March 7, 1892.

This action of replevin was brought by plaintiff against the defendants for property distrained by the latter for rent alleged to be in arrear, etc.   The writ was duly executed and property delivered to plaintiff.   She was not tenant of the demised premises, but claimed the property distrained as her own and not liable to distress.   The issue formed by the pleadings was tried, and on Jan. 27, 1891, the following verdict was rendered: " The jury find that the defendant is entitled to $561 rent in arrear, and that the value of the goods liable to distress for said rent is $300.   As to the rest of the goods they find for the plaintiff."   The next entry on the record is: " Feb. 2, 1891, jury fee paid (by deft) eo die judgment."   On July 10, 1891, execution was issued against plaintiff for $561, interest and costs, and levied.   A rule then taken to set aside the execution, etc., was afterwards discharged by the court: whereupon the plaintiff took this appeal, and assigned as error the refusal of the court to make the rule absolute.

If the verdict was insufficient to warrant the entry of a proper judgment, or if the execution was not warranted by the alleged judgment, the plaintiff was entitled to the relief demanded.

While the verdict is informal, in that it does not, in terms, find for the defendant, it contains sufficient to have justified the court in molding it into proper form: Fisher v. Keen, 1 Watts, 262.   The jury found the amount of rent to which the landlord, defendant, was entitled, the value of the goods liable to distress therefor, and, as to the residue of the goods, they found for the plaintiff.   It may be inferred that they intended to find in favor of the defendant for $300, the value of the goods which were liable to distress, but they did not express that intention

in words.   Without attempting to mold the verdict into proper form, a judgment so called, still more informal and uncertain, was entered.   Aside from the date, the only operative entry on the record is the single word "judgment."   The record does not inform us for how much, if anything, or in whose favor, judgment was intended to be entered.   With such an ambiguous record before him, it is not surprising that the prothonotary issued the execution for the larger of the two sums named in the verdict.   When that fact was brought to the attention of the court, a correction was noted, not on the proper docket, but on the back of the fieri facias.   The record, as sent into this court, shows an execution for $561, interest and costs, and subsequently a capias ad satisfaciendum both issued against the plaintiff, presumably on the single word "judgment."

No court in this country, or elsewhere, has gone to a greater length than the courts of this state in sanctioning extreme brevity in the entry and record of judgments; but when we are asked to sustain a so-called judgment, which is silent as to the sum for which, and the person or persons against whom it was intended to be entered, it is time to draw the line.

It has been suggested that the verdict may be considered as properly molded and judgment accordingly treated as amended here, and thus the execution may be sustained.   This might possibly be done; but, in view of the trouble and expense to which plaintiff has been subjected, such a course would be unfair to her.   Moreover, it would be tantamount to amending the record of the common pleas—a matter which, if necessary to be done, more appropriately belongs to that court.   It may be that, with its better knowledge of circumstances not disclosed by the record, it would refuse to sanction any amendment.

For reasons above suggested, we think there was error in refusing to set aside the execution.   The specifications of error are sustained.

Order of court, discharging plaintiff's rule to show cause, reversed, and it is now ordered that said rule be made absolute, costs of execution, and of all subsequent proceedings, including costs in this court, to be paid by appellees.