## Adam Emig v. E. A. Medley.

69    199
105   ¹486

1. PRACTICE—*Time of Filing Declaration.*—The provision of the practice act which requires a declaration to be filed ten days before the second term of the court, only requires the filing of the declaration before the second term at which the plaintiff may be required to plead.

2. JUDGMENTS—*Findings of Amounts due, do Not Amount to.*—The following entry does not amount to a judgment: "The court finds there is due the plaintiff the sum of $400; it is therefore ordered that said E. A. Medley, plaintiff, have and recover judgment against the said Adam Emig, defendant, for the amount of said judgment, together with the costs of this proceeding, and that execution issue therefor."

Covenant.—Eerror to the County Court of Clay County; the Hon. BENJAMIN HAGLE, Judge, presiding. Heard in this court at the August term, 1896. Reversed and remanded. Opinion filed March 3, 1897.

VAN HOOREBEKE, FORD & LOUDEN, attorneys for plaintiff in error.

HOFF & HOFF, attorneys for defendent in error.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was commenced on November 27, 1893, and summons issued against Adam Emig, defendant, returnable to the January term, 1894, which summons was not served. At said January term cause was continued, no declaration having been filed, and was continued at the June term, 1894, for the same reason. On September 18, 1894, an alias summons was issued against defendant, returnable to the January term, 1895, which was duly served September 19, 1894, commanding defendant to appear and answer in assumpsit.

At that term the cause was continued to the June term, 1895, for want of declaration. On May 27, 1895, a declaration in assumpsit was filed, and on the second day of said June term, 1895, judgment by default for $400 was entered against said defendant in the suit in assumpsit. On June 25, 1895, a motion supported by affidavits was filed on behalf of the defendant to set aside said default and judgment, which motion was sustained and the default and judgment set aside. Thereupon the plaintiff was on motion granted leave by the court, upon payment of all costs, to change the action from assumpsit to covenant, with leave to amend declaration, and cause was continued to January term, 1896. On December 20, 1895, plaintiff filed amended declaration in covenant, and on the first day of said January term, the following entry is set forth in the transcript of the record : " And he being three times solemnly called in open court, and comes not, but makes default, and this case coming on to be heard by the court, the court being fully advised in the premises, finds there is due said plaintiff the sum of four hundred (400) dollars. It is therefore ordered that said E. A. Medley, plaintiff, have and recover judgment against the said Adam Emig, defendant, for the amount of said judgment, together with the costs of this proceeding, and that execution issue therefor."

But two errors assigned are necessary to be passed upon and decided. These are the first and fifth.

The first avers : " The court erred in not dismissing the case because more than two terms of court had passed after the commencement of the suit and before the filing of the declaration." This error is assigned because the 17th section, par. 18, of the Practice Act, provides, among other things, " If no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment, as in case of a nonsuit;" and this provision is alleged to have been violated, and hence the suit ought to have been dismissed.

But it appears, although the suit was commenced November 27, 1893, no summons was served upon defendant Emig

Emig v. Medley.

until September 19, 1894, returnable to the January term, 1895, and on May 27, 1895, which was ten days before the second term after service of process on said defendant, a declaration was filed. This declaration was filed in apt time to prevent the dismissal of the suit for the reason assigned, under the construction given to said section of the practice act by our Supreme Court in Waidner v. Pauley, 141 Ill. 444. In that case suit was brought December 17, 1886, and no service of summons was had until December 8, 1887. On December 21, 1887, a declaration was filed, and on the next day defendant Waidner moved to dismiss the suit because the declaration had not been filed ten days before the second term of the court. The motion was overruled and defendant assigned this ruling for error. The Supreme Court say in the opinion, after reciting the section of the practice act above mentioned : "We decided in Herring v. Quinby et al., 31 Ill. p. 153, that the term of court contemplated by the statute is that at which the defendant is served. Before the defendant is brought into court he can not be required to plead, and no useful purpose could be served by apprising the defendant of the plaintiff's ground of action when he could not be required to plead. The rights of the parties should be reciprocal. As a general rule of practice, a party in court can not force his adversary to act until he is himself in a condition to be forced to proceed." And it is finally said in the opinion, "we think the correct construction was given in Herring v. Quinby, and the judgment is affirmed."

The first error is not well assigned.

The fifth error is, that it does not appear that any judgment was rendered by the court, and no amount is specified for which judgment is rendered. We think this error is well assigned. A finding was held by the court, but no judgment was rendered for the amount found to be due, nor does it appear that the court entered any judgment. The case of Faulk v. Kellums, 54 Ill. p. 190, was one where a jury assessed plaintiff's damages at $4,493, followed by the entry "whereupon the court entered judgment upon the verdict."

Motions for a new trial and in arrest of judgment were severally denied, and defendant appealed. The Supreme Court, in the opinion, say: "There is also an objection to the form of the judgment, if judgment it can be called, which is well taken. The *ideo consideratum est* is wanting. It has no element of a judgment other than a bare recognition of the finding of a jury." So in the case at bar there is the same infirmity. The finding by the court is like the verdict of a jury, and a judgment for a certain amount must be entered by the court. See also Carpenter v. Sherfy, 71 Ill. 427; Nichols v. Stewart, 21 Ill. 106.

The judgment is reversed and cause is remanded.