## Wytheville.

SPOOR v. TILSON AND OTHERS.

JUNE 29, 1899.

Absent, Riely, J.

1. CHANCERY PLEADING—*Final Decree.*—A decree directing the sale of land to satisfy charges on it is not a final decree.
2. RESCISSION—*False Representations.*—A false and fraudulent representation, knowingly made by a vendor, as to the possession and ownership of a part of a tract of land which the vendee would not have purchased except as a whole, is ground for rescission of the contract by a court of equity.
3. DECREES FOR MONEY—*What Must State.*—A decree for money should state the amount which the defendant is to pay, and the date from which it is to bear interest. It is not sufficient to direct that the plaintiffs recover " the amounts of their respective notes and judgments, with interest thereon as separately and specifically set out in the bill."
4. CHANCERY PLEADING—*Answer as Cross Bill—Replication—Demurrer to Cross Bill—Appeal.*—Where the trial court has, upon the prayer of a defendant, treated his answer (to which no replication has been filed) as a cross bill, and, subsequently, has erroneously sustained a demurrer to such cross bill, and treated the paper so filed as eliminated from the record for all purposes, this court, upon an appeal, although reversing the ruling on the demurrer, will not give the defendant the relief to which he would have been entitled as upon an answer to which there was no replication, but will remand the cause to the trial court, with leave to the complainants to answer the cross bill, and set up their defence, if any they may have.

Appeal from a decree of the Circuit Court of Smyth county, pronounced September 15, 1897, in a suit in chancery, wherein

the appellees were the complainants, and the appellant was the defendant.

_Reversed._

The opinion states the case.

*White & Penn, J. H. Gilmore,* and *J. J. Stuart,* for the appellant.

*A. P. Cole* and *H. N. Bell,* for the appellees.

KEITH, P., delivered the opinion of the court.

James Tilson and others entered into a written contract with W. M. Spoor, by which they agreed to sell him a portion of their land lying in Smyth county for $3,500, payable in three equal annual instalments, for which bonds or notes were executed by Spoor to each one of the vendors for their respective shares of the purchase money. Some of these notes were paid, and payments were made upon others; and in July, 1894, a bill was filed by the vendors making Spoor a party defendant, praying a decree against him for the amounts due upon the purchase money to the several plaintiffs, and that the land be sold to satisfy their demands. With this bill, copies of the bonds representing the purchase money due were filed. The defendant failing to answer, the bill was taken for confessed as to him, and a decree rendered " that the plaintiffs respectively recover of the said W. M. Spoor the amounts of their respective notes and judgments, with interest thereon as separately and specifically set out in the bill and exhibits filed therewith, the same as if each plaintiff and the amount due him or her was set out at length in this decree, and their costs expended."

It was further ordered that unless Spoor, or some one for him, should pay off and discharge the several purchase-money notes, the land should be sold upon the terms set forth in the decree.

At the September term, 1894, the decree of sale not having yet been executed, Spoor appeared and asked leave to file an answer, which he prayed might be treated as a cross-bill, and he was permitted to do so. To the cross-bill the plaintiffs demurred, and the court sustained the demurrer and dismissed the cross-bill, but no replication was entered to the answer.

At a subsequent term the defendant asked leave to file a petition to rehear the decree of the September term, 1894, and to this motion the plaintiff objected upon the ground, as appears by a paper filed with the record, that the decree sought to be reviewed is a final decree to which a bill of review must be filed within one year. This objection was sustained by the court, and a decree entered reaffirming the decree of September, 1894, and directing it to be executed according to its terms. Thereupon Spoor obtained an appeal from one of the judges of this court.

The decree of the September term, 1894, directing a sale of the defendant's land to satisfy the charges upon it, was not a final decree. See *Repass* v. *Moore,* 96 Va. 147, and cases there cited.

We think there was error also in sustaining the demurrer to the cross-bill. The answer of the defendant, which is treated as a cross-bill, states that he purchased from the complainants a tract of land lying on the foot-hills of the Iron Mountain, in Smyth county, at the price of $3,500, the vendors pointing out the boundary lines thereof, and representing the same to be unencumbered, except to the extent of a conflict of title with the heirs of George Douglas, there being an overlap of lines with these lands, and, as to this overlap, they desired to sell with covenants of special warranty; that the property was desirable as a whole, because of its showing for mineral deposits, and as such was purchased, but respondent ascertained that the representation of ownership and possession made to him was false and fraudulent, and that in fact as far back as the year 1885, com-

plainants had entered on the commissioner's book of Smyth county a disclaimer of right and title to 200 acres of the land sold by them. He further states that he would not have purchased the property except as a whole, and he denies the right of the complainants to require him to take the residue of the tract sold after the surrender of 200 acres to the Douglas heirs.

It appears that a large part of the purchase money has been paid, and defendant prays that the plaintiffs be required to refund it, or if that relief should be denied, he prays in the alternative that the value of the 200 acres be credited upon the purchase price agreed to be paid by him.

" A false representation of a material fact, constituting an inducement to the contract, on which the purchaser had the right to rely, is ground for a rescission by a court of equity, although the party making the representation was ignorant as to whether it was true or false." *Grim* v. *Byrd*, 32 Gratt. 293; *Wilson* v. *Carpenter*, 91 Va. 183; and *Max Meadows Land & Imp. Co.* v. *Brady*, 92 Va. 71.

The case here is even stronger than the requirements thus stated, for, if the averments of the cross-bill are true, the representations were made by the vendors with the knowledge of their falsity, and upon proof of the case made in the cross-bill it would seem clear that the defendant was entitled to relief.

We are of opinion that there was error in the decree of September, 1894. A decree for money should state the amount which the defendant is required to pay, and the date from which interest is to be computed, and it is not sufficient to direct that the plaintiffs recover " the amounts of their respective notes and judgments, with interest thereon, as separately and specifically set out in the bill."

There was, as we have seen, no replication to the answer, and counsel for defendant urges upon us in the argument that in making such order as the Circuit Court should have entered, it is now our duty to enter a decree against the plaintiff for a re-

scission of the contract, and for the several sums of money heretofore paid by the defendant.    To this view we cannot assent. The defendant prayed that his answer might be treated as a cross-bill, and this request was granted by the Circuit Court. Plaintiff demurred to it as a cross-bill, and the Circuit Court dismissed it.    Clearly the plaintiff and the Circuit Court regarded the demurrer as eliminating from the record, for all purposes, the paper thus filed and treated as a cross-bill, and it would be a surprise and a hardship upon the appellee to say that while its efficacy as a cross-bill was wholly destroyed by the judgment upon the demurrer, its vitality as an answer survives, and not having been replied to the defendant is entitled to the same relief upon it as though no objection by demurrer or otherwise had been taken to it.    In a case such as is presented by the pleadings here, we are of opinion that while an answer would have sufficed to defeat the plaintiff's demand, a cross-bill was necessary to give to the defendant the full measure of relief which he seeks by way of rescission of the contract of sale and recovery of the purchase money paid by him.

We are therefore of opinion that the decree complained of should be reversed, and the cause remanded, with leave to the appellees to answer the cross-bill, and to be otherwise proceeded with in accordance with the views expressed in this opinion.

*Reversed.*