RINEHART & GORE *v.* ROWLAND.

## Opinion delivered June 2, 1919.

1. TRIAL—TRANSFER FROM LAW TO EQUITY.—Where a transfer was made from the circuit to the chancery court, over objections of the appellants, before answer filed or testimony adduced, the court can look only to the allegations of the complaint to determine whether or not the cause was properly transferred to the equity court.

2. ACTION—LEGAL OR EQUITABLE.—A complaint for the recovery of money alleged to have been obtained through false representations *held* not to state a cause of equitable jurisdiction.

3. TRIAL—TRANSFER OF CAUSE—MOTION TO DISMISS.—Filing a motion to dismiss a complaint for uncertainty, in that it alleged a suit upon a contract, without stating whether it was oral or written, and if written without making it an exhibit, and failure to move specifically for transfer to the circuit court, did not amount to a waiver of the right to have the cause tried at law where appellants objected to the transfer to equity.

4. PLEADING—DESIGNATION.—The name by which a pleader designates his pleading is immaterial; the pleading should be considered according to its legal effect.

5. PLEADING—MOTION TO DISMISS COMPLAINT FOR UNCERTAINTY.—A motion to dismiss a complaint for uncertainty should be treated as a motion to make the complaint more definite and certain.

6. APPEAL AND ERROR — WRONG FORUM — INVITED ERROR.—Though a complaint fails to show a cause of action in equity, since the plaintiffs selected that forum, they cannot complain that the chancery court had no jurisdiction.

7. SAME—RIGHT TO TRANSFER.—In a cause improperly transferred to equity, where the chancellor's finding was not clearly against the preponderance of the evidence, the appellants, objecting to chancery jurisdiction, are not entitled to have the complaint dismissed, but to have the cause transferred to the law court and to have the issues of fact tried before a jury.

8. FRAUD—QUESTION FOR JURY.—In a conflict of evidence on the issue of fraud, the question was properly triable before a jury.

Appeal from Boone Chancery Court; *Ben F. McMahan*, Chancellor; reversed.

STATEMENT OF FACTS.

J. Sam Rowland et al., plaintiffs below, appellees here, instituted this action in the circuit court of Boone

County, Arkansas, against one C. E. Sarber, and Rinehart and Gore, defendants below. Rinehart and Gore are the appellants here.

The plaintiffs alleged in their amended complaint that about the 20th of November, 1916, defendants entered into a contract with plaintiffs whereby defendants agreed and undertook, for a consideration of $1,350 cash, to issue to each of said plaintiffs one sixty-fourth interest in certain oil and gas leases covering 2,500 acres of land situated in Boone County, Arkansas, and known as the C. E. Sarber leases, and as further consideration defendants agreed to drill a well then being put down on said land from a depth of 2,200 feet to a depth of 3,000 feet without unnecessary delay unless prevented by impossibility. They alleged that Harry Gore was present and was the active man in making said contract, and that he represented that his firm, Rinehart & Gore, were the ones who would do the drilling. He further represented that defendant C. E. Sarber was representing the firm of Rinehart & Gore, and that, while Rinehart & Gore were the owners of said leases, for convenience they had been taken in the name of defendant C. E. Sarber. They allege that for the purpose of wronging, cheating and defrauding plaintiffs Harry Gore, as a member of the firm of Rinehart & Gore, induced the plaintiffs to enter into the written contract with defendant, C. E. Sarber, well knowing at the time that the said Sarber could not and would not carry out the terms of said contract by drilling said well as they represented it would be drilled; that, for the purpose of wronging, cheating and defrauding plaintiffs, Rinehart & Gore, immediately on payment of the money which the plaintiffs had paid in, converted the same to their own use by placing same in the People's National Bank of Harrison, Arkansas, to the credit of Rinehart & Gore, well knowing that the money had been paid in by these plaintiffs for the purpose of having said well drilled deeper and well knowing at the time of the conversion of said money that Sarber would not be able to drill the well as defendants had induced plaintiffs to believe would be done.

Plaintiffs alleged that it was a fraudulent scheme on the part of Rinehart & Gore to induce plaintiffs to enter into the contract with Sarber, whom defendants represented as holding the property for them. They alleged that Sarber is insolvent, and that Rinehart & Gore knew such to be the fact when they induced plaintiffs to enter into the contract before mentioned.

They alleged that, by reason of the false and fraudulent acts and conduct of the defendants, they were defrauded of the sum of $1,350. For which sum with interest they prayed judgment and for all proper and equitable relief. They moved that the cause be transferred to the chancery court of Boone County, which was done, over the objection of defendants.

In the chancery court the defendants moved to dismiss for want of jurisdiction. Thereupon it was agreed in open court that the cause was transferred to the chancery court over the objection of the defendants. The court then overruled the motion to dismiss, to which the defendants duly excepted.

The defendants Rinehart & Gore then answered, admitting that they were partners but denying that they were partners or associated with C. E. Sarber with reference to the matters alleged in plaintiffs' amended complaint. They denied that they had a contract with plaintiffs, and alleged that the plaintiffs had a written contract with C. E. Sarber with reference to the drilling of the well referred to in the amended complaint, a copy of which they made an exhibit to their answer. They alleged that Sarber complied with the terms of that contract, and that plaintiffs breached the same by taking over the well and drilling same without the knowledge or consent of Sarber. They denied that Sarber represented the firm of Rinehart & Gore and denied specifically all the other allegations of the complaint.

The court heard the cause upon the testimony adduced on the issues thus raised, and made a general finding in favor of the plaintiffs, and rendered a judgment in their favor against the defendants Rinehart

& Gore for the sum of $1,350 with interest from the commencement of the suit, May 5, 1917, to the date of the decree, September 4, 1918, to-wit: in the sum of $104.65, making the total amount of the decree $1,464.55.

The court further found that the People's National Bank of Harrison, garnishee, had in its hands funds of Rinehart & Gore in an amount sufficient to pay the judgment, and also rendered a decree sustaining the writ of garnishment and directing the bank to pay the plaintiffs the amount of the judgment.

The defendants Rinehart & Gore duly prosecute this appeal. Further facts stated in the opinion.

*E. G. Mitchell,* for appellants.

1. The court erred in overruling defendants' motion to dismiss the complaint because it is vague and uncertain in that it alleges a suit upon a contract without stating whether it was oral or written, and if written it was not made an exhibit.

2. The complaint should also have been dismissed because there was a fatal misjoinder of parties plaintiff.

3. It was error to transfer the cause to chancery over defendants' objection. They were entitled to a trial by a jury at law, and the chancery court had no jurisdiction. No equitable grounds of jurisdiction were stated and appellants did not waive their rights as appellees' complaint stated no cause of action. Appellants were clearly entitled to a trial by jury at law and it was error to transfer to equity.

4. The findings are clearly contrary to the preponderance of the evidence. 46 Ark. 80; 47 *Id.* 485. The decree should be reversed for a trial at law.

*George J. Crump,* for appellees.

1. There is no question of novation in this case, nor is the statute of frauds available. It is not pleaded below. 105 Ark. 641; 71 *Id.* 302; 96 *Id.* 184; *Ib.* 505; 56 *Id.* 267.

2.   There was no misjoinder or defect of parties. This question was not raised below and now it is too late.   33 Ark. 497; 93 *Id.* 351.

3.   The court had jurisdiction. Grounds of equitable relief were stated in the complaint.   No demurrer was ever filed to the original or amended complaint.   Defendants submitted to a trial in chancery, and it is now too late to insist that the case ought to have been remanded to the law courts.   51 Ark. 238-259; 54 *Id.* 532; 123 *Id.* 178; 79 *Id.* 502; 134 *Id.* 254; 122 *Id.* 108; 87 *Id.* 211. The appeal should be dismissed or the decree affirmed on account of the imperfect abstract filed here, which does not comply with the rules of the court.   But on the merits of the whole case the judgment should be affirmed, as the evidence sustains it.

WOOD, J., (after stating the facts).   The record shows that the appellants filed in the court below the following motion:   "That the defendants opposed the transfer of this cause from the law side of the docket and now and here object to the jurisdiction of the court to try said cause, wherefore defendants ask that the said action be dismissed."

The record further shows that, when this motion came on to be heard, the parties agreed in open court "that this cause was transferred to this court by order of the Boone Circuit Court over the objection of the defendants."

The record thus shows that the appellants duly objected to the jurisdiction of the chancery court, both when the transfer was made from the law court over their protest and again when they moved to dismiss after the cause had reached the chancery court, on the ground that the chancery court had no jurisdiction.

The court can only look to the allegations of the complaint to determine whether or not the cause was properly transferred to the equity court.   For it appears that the transfer was made over the objection of the appellants before the answer had been filed or the testimony adduced.

The complaint does not state a single ground to give a court of equity jurisdiction. It states only a cause of action for the recovery of money which it is alleged had been obtained through the false representations of Harry Gore, for the firm of Rinehart & Gore, by which the appellees were induced to enter into a written contract with one C. E. Sarber, who was representing the firm of Rinehart & Gore, and by which false representations appellees were induced to pay over their money which the appellants converted to their own use; that same was a fraudulent scheme, etc., by which appellees were deprived of their money. In *Dillon* v. *McAllister et al.,* 40 Ark. 189-191, we said: "But, in the absence of other equitable elements for relief, courts of chancery do not entertain bills for compensation in money merely. Such relief, if it be all to which complainant is entitled, cannot be administered under a prayer for general relief."

Appellants filed a motion to dismiss the complaint on the ground that "the same is vague and uncertain in this, that it alleged a suit upon a contract without stating whether same was written or oral and if written not made an exhibit."

Appellees contend that appellants by filing this motion and by a failure to move the court specifically to transfer the cause to the circuit court waived the right to have the cause tried in that court.

The appellees would be correct in their contention perhaps if the above motion had been the only one filed by the appellants. But, as we have already stated, the record shows that the appellants at the inception also objected to the transfer of the cause to the chancery court. The name by which a pleader designates his pleading is immaterial. The pleading should be treated according to its legal effect.

The motion to dismiss on the ground that the complaint was vague and uncertain and that it did not set out the written contract should have been, and doubtless was, treated by the court as a motion to make the complaint more definite and certain.

Both motions of the appellants were filed on the same day, September 5, 1917, and were overruled on the same day, October 19, 1917. It, therefore, is conclusively established by the record that the appellants at the proper time challenged the jurisdiction of the court to hear this cause and that they have not waived their right to have the same reviewed here.

But, notwithstanding the allegations of the complaint fail to show a cause of action in equity, inasmuch as the appellees selected their forum and adduced their testimony and submitted their cause to a hearing before the chancery court, they are not in an attitude to complain.

Therefore, if the uncontroverted testimony or even a clear preponderance of the evidence proved that the appellees had no cause of action, the decree of the chancery court should be reversed and a decree should be entered here dismissing their complaint for want of equity.

The finding of the trial court was not clearly against the preponderance of the evidence. Therefore, appellants are not entitled to have a decree rendered here in their favor dismissing the complaint for want of equity. But appellants are entitled to have the cause transferred to the law court, and to have the issue of fact tried before a jury. It could serve no useful purpose to set out and comment in detail upon the evidence, and since the cause must be tried at law we refrain from so doing.

There was testimony which tended to prove that the leases, on lands for the purpose of drilling for oil, designated in the record as the Sarber leases, though taken in Sarber's name, were taken for the benefit of the appellants, and that in the making of the contracts for the drilling, as alleged in the complaint, Sarber acted for the appellants; that Gore, of the firm of Rinehart & Gore, was present and made the representations when the last drilling contract was entered into with Sarber and made the alleged false representations set up in the complaint by which it is alleged the appellees were induced to enter into the contract and pay over their money.

The principle applicable in the case of a vendor who by false representations induced one to enter into a purchase is, by analogy, applicable here. "It is well settled that one who has been induced to purchase property by the false representations of the vendor has the right to recover in the court of law any damages which he has sustained thereby." *Joyce* v. *McCord,* 123 Ark. 492.

In *Grayling Lumber Co.* v. *Ebbitt,* 134 Ark. 182, we said: "It is not necessary for the relationship of agency to exist between a vendor and the party inducing or procuring the sale of lands through fraud and deceit in order to warrant relief against the vendor. A vendor will be held liable if he participates in the fraud; or if he had knowledge of the fraud and adopts or takes advantage of it."

While there was a decided conflict in the evidence on the issue of fraud, that was an issue for the jury which should have been sent to them under proper instructions in such cases.

For the error in refusing to transfer the cause to the law court, the decree is reversed and the cause will be remanded with directions to transfer to the circuit court and for further proceedings according to law and not inconsistent with this opinion.