Central Republic Bank and Trust Company v. Horatio C. Bent et al.

Metropolitan Life Insurance Company and Central Republic Trust Company, Appellants, v. Celia Behr and Robert F. Empson, Receiver, Appellees.

Gen. No. 8,881.

Opinion filed April 12, 1935. Rehearing denied and modified opinion filed October 1, 1935.

COSTIGAN & WOLLRAB, WILLIAM J. BACH and WILLIAM R. BACH, all of Bloomington, for appellants.

MARTIN, HOOSE & DEPEW, of Bloomington, for appellees.

MR. JUSTICE ALLABEN delivered the opinion of the court.

The defendant appellee, Celia Behr, filed a bill to foreclose a trust deed in the nature of a mortgage

which constituted a junior incumbrance upon premises owned by the plaintiff appellant, Horatio C. Bent. The appellant, Metropolitan Life Insurance Company, then the holder of a senior incumbrance on the same premises, was not made a party to this suit. A decree was entered and a sale had pursuant thereto, and a deficiency decree in favor of Celia Behr against Horatio C. Bent and Daisy C. Bent, his wife, was entered. Upon the petition of Celia Behr one Robert F. Empson was appointed receiver of the mortgaged premises to collect rents, issues and profits during the period of redemption under the junior mortgage foreclosure. Prior to the expiration of this period of redemption the Metropolitan Life Insurance Company and the Central Republic Bank and Trust Company filed their bill to foreclose this trust deed which was a first lien. Celia Behr was made a party defendant and defaulted for want of answer. Subsequently the Central Republic Bank and Trust Company, individually, and as trustee, withdrew as a party complainant in the senior mortgage foreclosure suit, became a party defendant, and filed an answer but no cross-bill. The senior mortgage which was foreclosed contained the following provision: "That if the maker of the evidence of indebtedness hereinabove referred to and hereby secured, or some person liable for payment thereof, shall not, on maturity thereof or any part thereof, promptly pay the same or any installment thereof or interest thereon, any agent for collection of any part thereof, may (and is requested by the person or persons liable for payment thereof to) advance or cause to be advanced the amount necessary to meet such maturing indebtedness and money so advanced shall be deemed to be on account of purchase and not of voluntary payment thereof, the agent or other purchaser and persons claiming through or under such agent or other purchaser, being invested with, or subrogated to, all rights of the holder at maturity of such maturing in-

debtedness, provided that the lien of said trust deed as to such maturing indebtedness so purchased shall be subordinated to its lien as security for any and all then unpaid indebtedness hereby secured maturing after the maturity of the indebtedness so purchased, and provided, further, that the holder of said subordinated indebtedness shall not have the right, without trustee's written consent, to mature any indebtedness secured hereby, held or owned by others."

Under the quoted provision of the trust deed the Chicago Trust Company, the trustee named therein, and its successor in trust by merger and change of name, the Central Republic Bank and Trust Company, made advances for maturing interest and principal amounting to $1,075.70. An application was made subsequent to the filing of appellants' bill to foreclose for the appointment of a receiver, and Robert F. Empson, the same person appointed as receiver under the junior mortgage foreclosure was appointed receiver under appellants' bill. A decree was entered upon appellants' bill to foreclose, containing the following provisions: "The Court finds that the Central Republic Bank and Trust Company as agent of Metropolitan Life Insurance Company, and at the request of mortgagors, advanced a previous principal and interest payment of $540.00 and $442.80 respectively, to Metropolitan Life Insurance Company, and has a lien on the mortgaged premises, subject to the prior lien of Metropolitan Life Insurance Company, but a prior lien to the liens of the second and third mortgages and judgment and lien creditors, and that there is due to it . . . the sum of $1,075.70 which is superior to all claims against the property except that of Complainant" (appellant).

The premises conveyed by the trust deed were sold under the decree, and the master reported a deficiency in favor of the complainant, Metropolitan Life Insurance Company, in the amount of $1,815.92. Subse-

quently the receiver filed his report showing total receipts of $5,444.25, and after setting out expenditures reported the payment to the complainant in the senior mortgage foreclosure suit of the full amount of its deficiency, and that he had paid the balance in his hands, amounting to $526.58, to Celia Behr, to apply on her deficiency decree under the junior mortgage foreclosure. Upon the filing of this report objections thereto were filed by the Metropolitan Life Insurance Company and the Central Republic Bank and Trust Company, setting up that one item of $150.02 was not a proper item for credit and that the money paid to Celia Behr under her deficiency decree belonged to the Central Republic Bank and Trust Company under the decree of foreclosure; and that the second mortgagee had no interest in the fund. The defendants, Horatio C. Bent and Daisy Bent, and Ada S. Bent then filed their objections to said report. Subsequent to the filing of these objections the Metropolitan Life Insurance Company by assignment succeeded to all of the rights in the decree owned by the Central Republic Trust Company, successor to Central Republic Bank and Trust Company. A hearing was then had and evidence heard by the court, and petitions for the entering of a deficiency decree and for the payment of these surplus rents to the Metropolitan were made, the assignment to the Metropolitan being set up. The court refused to award the deficiency upon petition; overruled all objections to the receiver's report, and ordered the $676.78 in controversy to be paid over to Celia Behr. From the action of the trial court in refusing to grant a deficiency decree to the Central Republic Bank and Trust Company, and in failing to order the controverted amount to be paid over to the Metropolitan Life Insurance Company, as assignee, this appeal is taken.

It is the contention of appellant that the fund in controversy should be distributed to the lienor named

in the decree or its assignee before any money can be distributed to a junior incumbrancer or to the owner of the equity of redemption. The appellee contends that while the decree finds the lien in favor of the Central Republic Bank and Trust Company there is no adjudication of personal liability of the mortgagors pursuant thereto, and that until such an adjudication is made nothing is decided by the recitals in the decree in the nature of findings. Both parties to this appeal are in accord upon the proposition that whatever rights the Metropolitan Life Insurance Company has are confined to the terms of the decree entered in its foreclosure. It is quite clear to this court from the case of *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140, that where the rents, issues and profits of mortgaged premises are pledged as additional security to the physical premises themselves for the payment of the indebtedness secured by mortgage that if upon sale of the mortgaged premises a sufficient sum is not realized to pay the indebtedness a deficiency decree can be satisfied out of the rents, issues and profits accumulated during the period of redemption.

The next question which is presented is whether or not the advancements made by the trust company and assigned to the Metropolitan Life Insurance Company and for which a lien was found in the decree are part of the indebtedness for which the Metropolitan mortgage was foreclosed. It appears to us that this question is answered by the terms of the deed itself, and as is found by the decree. These advancements were not part of the principal indebtedness for which the premises were ordered sold. The amount found due for the advancements was separated from the principal indebtedness in the decree, and a separate lien was given for this amount which was specifically by the terms of the decree declared to be subordinate to the principal indebtedness found due the Metropolitan Life Insurance Company. The ordering part of the

decree does not contain any language which provides a method by which the lien for the advancements is to be satisfied. It has been held that ''The recital of certain findings in a decree does not adjudicate anything. These findings correspond to the verdict of a jury. Nothing is decided by the verdict until a judgment is entered on it, and so nothing is decided by the recitals in a decree until the questions at issue are adjudicated in the ordering part of the decree.'' *Chechik v. Koletsky,* 305 Ill. 518; *Weberpals v. Jenny,* 300 Ill. 145. Likewise with the decree in the instant case, so far as concerns the recitals in the finding portion of the decree as to the lien in favor of the Central Republic Trust Company and the amount due it for advancements made and the failure of the decree to order any satisfaction to be made for the amount so found due, the same is true.

The receiver, whose report is questioned in this proceeding, was originally appointed to collect the rents, issues and profits for the purpose of applying them upon the deficiency decree rendered in the junior mortgage foreclosure, and before the period of redemption had run in the junior mortgage foreclosure, he was appointed under the senior mortgage foreclosure to collect the rents, issues and profits for the purpose of applying them upon any deficiency which might be rendered upon a sale of the premises under that mortgage. His report showed that he collected sufficient funds to satisfy the deficiency rendered upon the senior mortgage foreclosure in full. The receiver then applied additional funds which he collected, to the deficiency decree rendered in the junior mortgage foreclosure, and so indicated in his report, to which objections were made. In overruling these objections in the trial court that tribunal said that there was no authority contained in the trust deed to the Central Republic Bank and Trust Company for a lien in its favor for advancements made, for defaulted principal and interest, for

which it was given a lien in the decree. In this we think the trial court erred, since the trust deed by its terms expressly gave the trust company this right.

While it may be conceded that if in a decree various persons are given liens, even though the property may not be sold for all of the lienors, yet if there is a surplus upon the sale of the premises, above the amount for which they were sold, other lienors in a decree for whose benefit the property was not sold might claim an interest in the surplus because such proceeds of the sale stand in lieu of the premises which were decreed to be sold. That is not the situation in the instant case, however, since the premises sold for less than the amount found due.

By the sale in this case all of the liens found in the decree were discharged so far as the premises were concerned, and by the terms of the decree the party for whose benefit the premises were sold was entitled to and did obtain a deficiency judgment, which created an instrumentality by which it could reach the proceeds of the premises. Normally if the sale of mortgaged premises brings enough to satisfy the debt the surplus would go to the owner of the equity of redemption. In the event, however, that a judgment was obtained against these owners it would be effective to reach the funds to which they would thus become entitled. In the instant case the deficiency decree obtained by the Metropolitan Life Insurance Company was effective to reach the proceeds of the property before the owners of the equity of redemption became entitled thereto, until the said deficiency was satisfied in full. When the deficiency had been paid the rest of the proceeds would have gone to the owners of the equity of redemption, except for the fact that the defendant, Celia Behr, had acquired a judgment against them which though a deficiency decree in a junior mortgage foreclosure suit, was, nevertheless, an effective instrument by which she could reach the funds in the receiver's hands. The lien which

had been given to the Central Republic Bank and Trust Company had never matured into a judgment by which it could reach these funds, a contingency which could have been provided for, had the decree provided that the premises be sold for the benefit of all of the parties given a lien therein.

Our Supreme Court has held in the case of *Bouton v. Cameron,* 205 Ill. 50:

"That a money decree can be rendered, in a foreclosure suit, for a deficiency only, has been decided by both this court and the Appellate Court. In *Cotes v. Bennett,* 183 Ill. 82, it was declared: 'It is only in virtue of power conferred by the statute a money decree can be rendered by a court of chancery in a foreclosure proceeding against the mortgagor or other person liable for the mortgage debt. 8 Am. & Eng. Ency. of Law, 264. Section 16 of chapter 95 of the Revised Statutes, entitled ''Mortgages,'' authorizes courts in this state to render such decrees ''for any balance of money that may be found due to the complainant over and above the proceeds of the sale or sales'' of the mortgaged premises, and provides that such a decree may be conditionally rendered at the time the decree of foreclosure and sale is entered, or that it may be entered after the sale and ascertainment of the balance due. It is to be noted this statute authorizes such decrees to be rendered only ''for any balance of money that may be found due to the complainant over and above the proceeds of the sale or sales'' of the mortgaged premises.' ''

The paragraph of the statute cited in the above quotation of opinion is now chapter 95, section 17, Ill. State Bar Stats. 1935.

In the case at bar, since the premises were not sold for the lien given the Central Republic Bank and Trust Company for its advances, it did not become entitled under the statute to have a deficiency decree rendered in its favor. In both cases cited by appellants in their

petition for rehearing, to support the proposition that it was unnecessary for them to have a deficiency decree, to obtain the rents in question, we desire to draw attention to the fact that both these cases involve the rights of persons who were judgment creditors, and not merely given a lien in a decree.

For the reasons hereinbefore set forth the order of the trial court approving the final report of the receiver and his distribution of the sum of $526.58 to Celia Behr was correct, and said order is hereby affirmed. This opinion, as modified, is filed in lieu of the opinion heretofore filed which is hereby withdrawn, and the petition for rehearing filed by the Metropolitan Life Insurance Company, and Central Republic Trust Company, is hereby denied.

*Order affirmed, and petition for rehearing denied.*