C. H. THOMAS *v*. MARION McELROY ET AL

5-4324                                    420 S. W. 2d 530

Opinion delivered November 13, 1967

466

*James R. Howard*, for appellant.

*Edgar R. Thompson*, for appellees.

JOHN A. FOGLEMAN, Justice. Appellant seeks to reverse a judgment entered against him March 3, 1967. The only point for reversal is the contention that this was actually a modification of a decree of the court entered March 25, 1966, a day of an earlier term of the court.

Appellees brought suit against appellant and another, asserting a landlord and tenant relationship, a liability of appellant to appellee for rent, a right to recovery of certain personal property remaining and a right to an accounting for personal property which they alleged came into the possession of appellant under a lease agreement. On March 25, 1966, the trial court, after having heard testimony offered by both parties, entered what was labeled "Decree." This instrument set out the appearances of the parties, enumerated the components of the record upon which the case was heard and made certain findings. In summary form, these findings were:

1. That the complaint should be dismissed as to one of the defendants.

2. "That a contractual relationship has existed from month to month from December 9, 1963, until July 8, 1965. A Rental of $40.00 per month should have been paid by the defendant C. H. Thomas, to the plaintiffs herein."

3. "On motion of the defendant, C. H. Thomas, the said contractual relationship is hereby terminated as of this date."[1]

4. That Thomas shall permit appellees to remove certain personal property from the leased premises.

These findings were followed by a separate paragraph which reads: "IT IS SO ORDERED," after which appeared the signature of the chancellor. Nothing further appears to have been done until the entry of the judgment from which this appeal was taken. It is entitled "JUDGMENT ON DECREE." It recites the hearing of the cause on March 25, 1966, and quotes finding number 2, as set out above. This language follows:

"IT IS THEREFORE by this Court, Considered, Ordered and Adjudged that the plaintiffs do have and recover of and from the defendant, C. H. Thomas, the sum of Seven Hundred Sixty and No/100 ($760.00) Dollars, together with interest at the rate of six percent (6%) per annum from the 25th day of March, 1966, from all of which garnishment and execution may issue immediately as on a Judgment at Law."

One full term of the court intervened between the two court actions. If appellant were correct in his analysis, the last action would constitute an unauthorized

---

[1]In view of their significance on appeal, items two and three are copied verbatim.

modification of a judgment, since none of the statutory grounds for such action is asserted.

Decision of this appeal, then, depends entirely upon the determination of the character of the first court action. Formal requirements for a judgment in Arkansas are few. It is the *final* determination of the rights of parties in an action. Ark. Stat. Ann. § 29-101 (Repl. 1962). The *amount* of the judgment must be computed, as near as may be, in dollars and cents. Ark. Stat. Ann. § 29-115. A judgment must specify *clearly* the relief granted or other *determination* of the action. The few basic requirements must be met and the judgment must clearly show that it is the act of the law, pronounced and declared by the court upon determination and inquiry. *Baker* v. *State*, 3 Ark. 491. While a rather technical application was made of this rule in the cited case, strict formality in language used to express the adjudication of the court is not necessary and a "judgment" will be tested by its substance not its form. *Melton* v. *St. Louis I. M. & S. R. Co.*, 99 Ark. 433, 139 S. W. 289. The name by which it is called by the court is not controlling. *State* v. *Donohue*, 11 Wis. 2d 517, 105 N. W. 2d 844. We have held that the designation or title given a pleading is not controlling, but that its effect, character and sufficiency are to be determined by its substance regardless of what it is called. *Rinehart & Gore* v. *Rowland*, 139 Ark. 90, 213 S. W. 17; *Craft* v. *Armstrong*, 200 Ark. 681, 141 S. W. 2d 39; *Askew* v. *Murdock Acceptance Corp.*, 225 Ark. 68, 279 S. W. 2d 557; *Stroud* v. *M. M. Barksdale Lbr. Co.*, 229 Ark. 111, 313 S. W. 2d 376; *Parker* v. *Bowlan, Executrix*, 242 Ark. 192, 412 S. W. 2d 597. There is no reason we should not apply the same rule to a court order. See, also, 49 C.J.S. 29, Judgments, § 5.

When we apply the test of substance to the "decree" of March 25, 1966, in the light of the basic statutory requirements for a judgment, we find it lacking in basic essentials. It has more of the characteristics

of written findings and conclusions than of a judgment. The factors demonstrating this are:

1. The numbered paragraphs purport to be findings of the court.

2. While the court found that the complaint should be dismissed as to a codefendant, there is no final disposition of appellees' prayer for a judgment against defendant for past due rents or for personal property alleged to have been removed and destroyed.

3. While the court found that a contractual relationship existed between appellant and appellees for a period of 19 months and that a rental of $40.00 per month should have been paid by appellant to appellees, there was no declaration of the amount actually due or remaining unpaid, nor was there any dismssal of the action as to Thomas.

The only items which could possibly be said to have been disposed of in the original order are the dismissal of a party and the delivery of certain personal property. Insofar as appellant was concerned, these were subsidiary matters. There was no dispute about appellees' right to possession of the property. The finding that the other defendant was not a party to the action might have been a corollary to the statement that a contractual relationship existed between appellees and appellant.

The decisions, opinions, and findings of a court do not constitute a judgment or decree. They merely form the bases upon which the judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in a judgment or a judgment be entered thereon. *Ex Parte Niklaus,* 144 Neb. 503, 13 N. W. 2d 655; *Employers Ins. Co.* v. *Brooks,* 250 Ala. 36, 33 So. 2d 3 (1947); *Gouger* v. *Sarpy County,* 151 Neb. 207, 36

N. W. 2d 775 (1949); *Gilpin* v. *Burrage,* 188 Tenn. 80, 216 S. W. 2d 732 (1949); *Hays Trucking Co.* v. *Maxwell,* 261 P. 2d 456 (Okla. 1953); *Crowe* v. *DeSoto Consolidated School Dist.,* 246 Iowa 38, 66 N. W. 2d 859 (1954); *In Re Lounsberry's Estate,* 149 Cal. App. 2d 857, 309 P. 2d 554 (1957). They are more in the nature of the verdict of a jury and no more a judgment than such a verdict. *State, Ex Rel Work* v. *Brown,* 44 Ind. 329 (1873); *Galiger* v. *McNulty,* 80 Mont. 339, 260 P. 401 (1927); *Central Republic Bank & Trust Co.* v. *Bent,* 281 Ill. App. 365 (1935).

A judgment is distinguished from an order in that the latter is the mandate or determination of a court on some subsidiary or collateral matter arising in an action not disposing of the merits but adjudicating a preliminary point or directing some step in the proceedings. 49 C.J.S. 29, Judgments, § 5.

In treating similar situations, other courts have found actions such as that first taken in this cause not to be such final determinations as to constitute judgments. In *Alvord* v. *McGaughey,* 5 Colo. 244 (1880), the court entered a finding that the defendants were indebted to the plaintiffs in the sum of $202.00. The court said that while a strict compliance with form was not essential, the record must not only indicate that an adjudicatic took place, but the entry must have been intended as the entry of a judgment in order to constitute a final judgment. The Court of Appeals of Georgia held that a statement in a court's order on certain demurrers with reference to an agreement of the plaintiff to pay the defendant $467.00 if certain cases were settled, was not a judgment but a mere statement of a reason for a conclusion it had reached as to a part of the case. *Aiken* v. *Richardson,* 80 Ga. App. 591, 56 S. E. 2d. 782 (1949). A finding by a court in a divorce case that there was due and owing by a plaintiff to a defendant the sum of $275.00 per month for a period commencing January 1, 1947, and ending January 1, 1950, was held not to have the force and effect of an adjudication dispos-

ing of the subject matter in a manner sufficient to constitute a judgment. *Taliaferro* v. *Taliaferro*, 178 Cal. App. 2d 146, 2 Cal. Rep. 719 (1960). A final judgment or decision is one that finally adjudicates the rights of the parties, putting it beyond the power of the court which made it to place the parties in their original positions. *Crowe* v. *DeSoto Consolidated School Dist.*, 246 Iowa 38, 66 N. W. 2d 859 (1954). It must be such a final determination as may be enforced by execution or in some other appropriate manner. *Wilson* v. *Corbin*, 241 Iowa 266, 40 N. W. 2d 472 (1950); *Crowe* v. *DeSoto Consolidated School Dist.*, *supra*.

A judgment or decree for money should state the amount which the defendant is required to pay and the date from which interest is to be computed. *Aldrich* v. *Sharp*, 3 Scammon (Ill.) 261; *Park* v. *Holmes*, 147 Pa. 497, 23 Atl. 769 (1892); *Emig* v. *Medley*, 69 Ill. App. 199 (1896); *Spoor* v. *Tilson*, 97 Va. 279, 33 S. E. 609 (1899); *Marteeny* v. *Louth*, 206 Ill. App. 158 (1917). Even if it could be argued here that the court's *findings* indicated that appellees should have a money recovery from appellant, such findings would not have given the clerk any guide as to the amount of the judgment or the date from which interest would have run for the purpose of issuing execution. As a further indication of uncertainty of the amount, the prayer of the complaint was for $520.00. It might well be that the appellees would have been limited to that amount of recovery had the question been raised.

Clearly, the action of the court on March 25, 1966, was deficient as a *final* determination of the rights of the parties. It is also inadequate in computation of the amount of the judgment and specification of the relief granted. Thus, the judgment of March 3, 1967, was the first actual judgment in the case. Accordingly, it is affirmed.