# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-13-694

| | |
|---|---|
| HELENA-WEST HELENA PUBLIC SCHOOL DISTRICT<br><br>APPELLANT<br><br>V.<br><br>ADRIANE RENA SHIELDS<br><br>APPELLEE | **Opinion Delivered** October 1, 2014<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. CV 2008-144]<br><br>HONORABLE L.T. SIMES II, JUDGE<br><br>APPEAL DISMISSED |

**RITA W. GRUBER, Judge**

The Helena-West Helena School District appeals the Phillips County Circuit Court's entry of a default judgment in favor of appellee Adriane Shields. After the court denied the district's motion to set aside the default judgment, it held another hearing and awarded damages, both compensatory and punitive, and attorney's fees to Shields. Although this appeal challenges those rulings, we cannot address the merits of those arguments because the orders from which this appeal is taken are not final. Accordingly, we must dismiss the appeal without prejudice.

Shields was employed under written contract as a secretary for the district for the 2007–08 school year. In November 2007, she was terminated from her position after she refused an offer to resign. In April 2008, Shields filed suit alleging that she had been illegally terminated despite having a written contract. The complaint asserted causes of action for

breach of contract and violation of the Arkansas Civil Rights Act and sought compensatory and punitive damages and attorney's fees.

After entry of a default judgment based on service of process that the district asserted was invalid and the subsequent denial of the district's motion to set aside the default, the circuit court held a hearing on Shields's damages.

On January 15, 2013, the court entered an order finding that Shields, as a result of her termination, had lost her medical benefits and suffered from hypertension and anxiety. The court found that Shields's insurance would have paid 100% of her medical expenses. Shields was directed to itemize and file her medical expenses with the court within fifteen days. The court further found that Shields was entitled to her unused sick leave; however, the court did not place a value on the accumulated sick leave. The court found that she was owed approximately $6,000 for the balance of her contract and that she had mitigated her damages by taking a position with the county clerk. The court found that she worked thirty-two hours per week at $7.25 per hour for seven months for the clerk. The court determined that this sum should be deducted from the balance due under the contract. The court further found that Shields was entitled to damages for humiliation and embarrassment. The court found that the district was "cold and callous" in its termination of Shields and that it was reckless so as to justify punitive damages. The court awarded $50,000 in medical expenses; $2,500 for humiliation and embarrassment; and $30,000 in punitive damages. Shields was also awarded her attorney's fees and costs, but no amounts were specified.

The district moved to set aside or vacate the order and for a new trial. The district

argued that the order was not final because it directed Shields to itemize her medical expenses, noting that she had failed to do so. The district also filed a "Precautionary Notice of Appeal," appealing the court's January 15, 2013, July 16, 2012, and September 19, 2011 orders.[1]

On July 9, 2013, the court entered an order purporting to finalize Shields's damages. The findings and awards for medical expenses, mental anguish, and punitive damages contained in the January 15, 2013 order were incorporated by reference. The court also awarded Shields three years of lost wages of $45,000 less her earnings from her employment with the county clerk. Finally, the court awarded Shields her attorney's fees and costs "upon a final judgment" without specifying an amount. This appeal followed.

Even if neither party raises the issue of jurisdiction on appeal, we are obligated to raise the issue sua sponte. *Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321. From our review of this record, we can only conclude that a final order is lacking in this case, and we must dismiss the appeal without prejudice.

In *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967), the supreme court explained the formal requirements that constitute a final judgment. To be final, a judgment for money must state the amount that the defendant is required to pay. *Id*. The court cited Arkansas statutory law requiring that the amount of the judgment must be computed, as near as may be, in dollars and cents and that the judgment must specify clearly the relief granted or other determination of the action. *Id*. (citing what is now Ark. Code Ann. § 16–65–103

---

[1]The September 19, 2011 order granted Shields's motion for default judgment. The July 16, 2012 order denied the district's motion to set aside or vacate the default judgment.

SLIP OPINION

(Repl. 2005)). The *Thomas* court also noted that a final judgment or decision is one that finally adjudicates the rights of the parties, and it must be such a final determination as may be enforced by execution or in some other appropriate manner.

Here, the circuit court entered two orders addressing the relief awarded to Shields: a January 15, 2013 order and a July 9, 2013 order. Neither order, however, is final for purposes of appeal. The January 2013 judgment lacks finality because it specifically contemplated further action in that it required Shields to file her itemized medical expenses with the court. When the order appealed from reflects that further proceedings are contemplated, which do not involve merely collateral matters, the order is not final. *Harold Ives Trucking Co. v. Pro Transp.*, 341 Ark. 735, 19 S.W.3d 600 (2000); *Capitol Life & Accident Ins. Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001). The January 2013 judgment also does not set forth a specific dollar amount owed by the district for Shields's accumulated sick leave or calculate the amount due Shields under the contract after offsetting her wages from employment with the county clerk. *Thomas*, *supra*.

The July 9, 2013 order contains the same finality problems as the January 2013 order, with the exception that the court found that Shields had provided her itemized medical expenses. The order simply reaffirmed the awards made in the earlier order. The fact that the court found that Shields was entitled to lost wages of $45,000 less the amount she earned while employed by the county clerk does not cure the defect in the January 2013 order because it does not calculate an amount in dollars and cents. *See Villines v. Harris*, 362 Ark. 393, 208 S.W.3d 763 (2005) (holding that, although a previous order set out a formula for

calculating damages, the order was not final because it did not establish the amount of damages); *Office of Child Support Enforcement v. Oliver*, 324 Ark. 447, 921 S.W.2d 602 (1996) (holding that an order was not final where an arrearage in child support was found but the amount of the arrearage was not determined); *Hastings v. Planters & Stockmen Bank*, 296 Ark. 409, 757 S.W.2d 546 (1989) (holding that an order of summary judgment was not final where the amount owed was not specified in dollars and cents, there were issues that appeared to be outstanding, and the judgment did not dismiss or discharge the appellant). Moreover, the July 2013 order itself indicates that the circuit court did not consider it to be a final order where the court stated that "[Shields] is further awarded her attorneys fees and her cost upon a final judgment [*sic*]."

Clearly, the action of the circuit court in this case was deficient as a final determination of the rights of the parties. On remand, the circuit court shall enter an order that clearly specifies each element of damages awarded to Shields in dollars and cents.

Appeal dismissed.

WHITEAKER and VAUGHT, JJ., agree.

*Lawrence W. Jackson*, for appellant.

*Wilson Law Firm*, by: *Jimmie L. Wilson*, for appellee.