2009 Ark. App. 836

**T & S MACHINE SHOP, INC., Appellant**

v.

**KD SALES and Sunland Machinery, Inc., Appellees.**

**No. CA 09–87.**

Court of Appeals of Arkansas.

Dec. 9, 2009.

Jensen Young & Houston, PLLC, by: Brent Houston, Benton, for appellant.

Humphries & Lewis, by: Alan Humphries, Benton, for appellees.

D.P. MARSHALL JR., Judge.

After a bench trial, the circuit court often issues a letter opinion, which decides the case and directs the prevailing party's lawyer to prepare a judgment. Arkansas Rule of Civil Procedure 58 authorizes the circuit court to do this or prepare its own judgment. Many times, the judgment either echoes the circuit court's findings from the letter opinion, or incorporates the letter opinion, or both. When the terms of the judgment vary from the letter opinion, and the letter opinion is not incorporated in the judgment, questions arise. The question here presented is whether a clearly erroneous finding in the court's unincorporated letter opinion, a finding which is absent from the judgment, should be overlooked or considered on appeal.

The Facts and Procedural History. T & S Machine Shop produced custom machine parts for KD Sales, which then used those parts to manufacture earth-moving equipment and replace parts in that equipment. T & S sued KD Sales, alleging that

the manufacturer owed money for unpaid invoices. KD Sales answered and counterclaimed, alleging that some of T & S's parts were defective. KD Sales eventually acknowledged that it owed T & S around $24,000.00.

The bench trial turned on whether T & S had provided KD Sales with defective parts. Though this dispute seems to fall under the Uniform Commercial Code, and KD Sales pleaded Code warranties, the parties tried it as a matter of the common law of contracts. The parties presented conflicting evidence on three key issues: whether the parts were defective; whether T & S or some other company had actually manufactured any defective parts; and how many defective parts T & S provided. The circuit court had to resolve the conflicting testimony, and evaluate the witnesses' credibility, on all these issues. In a letter opinion issued three months after the trial, the circuit court ruled in favor of KD Sales.

In its letter opinion, the circuit court made a general finding based on all the evidence that T & S had provided defective machine parts to KD Sales. The court went on to make one specific finding in support of this general conclusion. The court found "specifically" that T & S issued "Returned Goods Authorization[s]" that became "credit memos" based on defective parts. This was incorrect. KD Sales, it was undisputed, had issued the returned-goods authorizations and the credit memos to its customers—the folks who had ultimately received T & S's allegedly defective parts in KD Sales-manufactured equipment. In making this finding, the circuit court did one of two things: either the court inadvertently misnamed the parties, or it incorrectly thought that T & S had issued the credit memos, and thus essentially admitted liability. The circuit court offset the roughly $48,000.00 of cred-

it memos against the approximately $24,000.00 KD Sales owed T & S. Based on the math, the court ordered T & S to pay KD Sales about $24,000.00.

The circuit court directed KD Sales's lawyer to "submit an order . . . in conformity with this letter opinion." The court also offered to arrange a conference call "[i]f there are any questions concerning the Court's ruling." The record shows no action of any kind until the court signed and filed the judgment prepared by KD Sales's lawyer. The judgment does not contain the mistaken specific finding about T & S issuing the credit memos. Instead, the judgment simply found that T & S sold defective parts without elaboration. Nor does the judgment reflect submission to T & S's lawyer for approval as to form. Although this submission is required by Rule 58 and usually done, it was not directed by the circuit court here. Once the court entered its judgment, T & S did not use the option created by Rule of Civil Procedure 52(b)(1) to move for additional findings or amended findings. T & S appeals.

■ The Law. There is a preliminary point. KD Sales urges us to affirm because T & S never raised the clearly erroneous finding to the circuit court. This omission, however, is not dispositive. Rule 52(b)(2) authorizes T & S's challenge to the sufficiency of the evidence supporting the circuit court's findings even though T & S neither objected to them nor moved to amend them in the circuit court. *Cogburn v. Wolfenbarger*, 85 Ark.App. 206, 211, 148 S.W.3d 787, 791 (2004). With this threshold issue resolved, we turn to the question presented.

When may an appellate court look behind a judgment to findings in an unincorporated letter opinion in deciding the case on appeal? The precedent covers two situations. The first is where the circuit

court's judgment contains a gap that can be filled by the court's letter opinion. *Bishop v. Bishop*, 98 Ark.App. 111, 250 S.W.3d 570 (2007); *Guest v. San Pedro*, 70 Ark.App. 389, 19 S.W.3d 62 (2000). The divorced Bishops, for example, were wrangling over the husband's petition to decrease his alimony and child-support obligations. The circuit court entered an order, which failed to recite the presumptively correct chart amount of child support. Mr. Bishop appealed. In affirming the circuit court's decision on support, our court looked behind the circuit court's order to its earlier letter opinions. In those letters, the circuit court had discussed the proper chart amount in detail. 98 Ark. App. at 113, 250 S.W.3d at 571–72.

■ In *Moses v. Dautartas* this court faced a different situation. 53 Ark.App. 242, 922 S.W.2d 345 (1996). Dautartas claimed part of the Moseses' land by adverse possession. The chancery court found for Dautartas, and our court, by a vote of 4–2, affirmed. The dissent argued, however, that we should reverse and remand because of an inconsistency between the court's letter opinion and its judgment. The court's letter opinion found that Dautartas had proved adverse possession of an area *north* of a certain structure, while the judgment contained a legal description which gave Dautartas land *south* of the structure. In responding to the dissent on the inconsistency issue, this court held:

> The decisions, opinions, and findings of a court do not constitute a judgment or decree. They merely form the bases upon which the judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in a judgment or a judgment be entered thereon.

They are more in the nature of the verdict of a jury and no more a judgment than such a verdict.

53 Ark.App. at 247, 922 S.W.2d at 348 (citations omitted).* Having concluded that the letter opinion was not a judgment, this court confined its review to the judgment. *Moses* holds this: if a circuit court's unincorporated letter opinion and its judgment conflict, then the judgment controls and the appellate court may not look behind it. 53 Ark.App. at 247, 922 S.W.2d at 348.

■ This case is not exactly like *Moses*. Here the circuit court's letter opinion and judgment do not conflict. The court's judgment on defect is consistent with its letter-opinion findings. The bar against considering the letter opinion therefore does not exist. But this case is not exactly like *Bishop* either. There is no obvious legal gap in this judgment. The clear path allowing consideration of the letter opinion to supplement the judgment therefore does not exist either.

This case seems to present a choice. We could expand *Moses* to cover this situation, and refuse to consider the clearly erroneous finding in the letter opinion. Of course a presumption of correctness attends this judgment even though it contains no specific findings on defect. *McCracken v. McCracken*, 2009 Ark. App. 758, at 7, 358 S.W.3d 474, 479. But resting on that presumption here would mean pretending that the troubling finding in the letter opinion does not exist. Or we could expand *Bishop*, affirming or reversing the judgment outright as supplemented by the letter opinion. But this conclusion would allow an appellate court to look behind the judgment in deciding any case

---

* *Moses* relied upon two supreme court decisions about what constitutes a judgment: *Mason v. Mason*, 319 Ark. 722, 733–34, 895 S.W.2d 513, 518–19 (1995) and *Thomas v.* *McElroy*, 243 Ark. 465, 468–71, 420 S.W.2d 530, 532–34 (1967). Neither of those cases involved an inconsistent letter opinion.

where an unincorporated letter opinion is consistent with the judgment. Taking that step would give insufficient weight to the circuit court's final word.

Both *Moses* and *Bishop* must guide our decision, but this case falls between these precedents. Here the circuit court did not incorporate its findings from the letter opinion. It requested a judgment from KD Sales's lawyer, however, that conformed to its letter opinion. The record shows no action in the case between the letter opinion and the judgment—no motion papers, or exchange of letters between counsel and the court, about the findings. The judgment does not reflect submission for approval as to form by T & S's lawyer. Defect was the fighting issue. Considering all these circumstances, we hold that we should not ignore the letter opinion's clearly erroneous finding on defect or ignore that the judgment must have been "entered thereon" even though it did not so state. *Moses*, 53 Ark.App. at 247, 922 S.W.2d at 348. Though it is not a gap that must be filled like in *Bishop*, the absence of a specific finding on defect in the judgment and the presence of a specific finding that was clearly wrong in the letter opinion casts doubt over the circuit court's decision on the critical issue. *Cf. Bishop*, 98 Ark. App. at 113, 250 S.W.3d at 571–72.

Unlike in *Moses* and *Bishop*, we do not decide the merits at this point. Instead, we reverse the judgment and remand for clarification. We remand, rather than reaching the merits now, for several reasons. The circuit court may have simply reversed the parties' names in the erroneous finding. That court is entitled to the opportunity to clarify its findings in what was essentially a swearing-match. This is the kind of case in which the circuit court's weighing of the evidence and evaluations of credibility are entitled to substantial deference on appeal. Ark. R. Civ. P. 52(a);

*City of Little Rock v. Rhee*, 375 Ark. 491, 497, 292 S.W.3d 292, 296 (2009). Our holding costs these parties immediate finality in their dispute. But it charts a middle course between *Moses* and *Bishop*. This course, we conclude, gives the proper respect to the letter of the circuit court's judgment, while not ignoring the undisputed and critical factual error in the genesis of that judgment. If either T & S or KD Sales sees error in the circuit court's clarified judgment, then that party may appeal.

Reversed and remanded for clarification.

HART, GLADWIN, and GLOVER, JJ., agree.

GRUBER and HENRY, JJ., dissent.

RITA W. GRUBER, Judge, dissenting.

I respectfully dissent. The majority's statement of the question presented in this case dictates the answer: that is, whether a finding that is absent from the judgment should be considered on appeal. It should not. First, we review final judgments. Ark. R.App. P.-Civ. 2. Second, in the absence of a showing to the contrary, we presume that a court acted properly and made the findings necessary to support its judgment. *McCracken v. McCracken*, 2009 Ark. App. 758, at 7, 358 S.W.3d 474, 479. Finally, the court's judgment need not contain specific findings on every issue. *Lawson v. Sipple*, 319 Ark. 543, 893 S.W.2d 757 (1995).

The majority reverses and remands this case *not* because it has determined that the court's decision is clearly erroneous but *to clarify* an allegedly erroneous finding contained in an unincorporated letter opinion. No one argues that this alleged error was included in the judgment: it was not. Furthermore, and of critical legal significance, the majority acknowledges that the letter opinion containing this alleged error *was not incorporated* into the

court's judgment. In my view, that legally significant fact should end the majority's query of whether we should consider this alleged error on appeal.

We should no more consider findings in an unincorporated letter opinion than we would consider oral findings that are not later reduced to writing. Pursuant to Administrative Order No. 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed. *McGhee v. Ark. State Bd. of Collection Agencies*, 368 Ark. 60, 67, 243 S.W.3d 278, 284 (2006). This rule eliminates or reduces disputes between litigants over what a trial court's oral decision in open court entailed. *Id.* If a trial court's ruling from the bench is not reduced to writing and filed of record, it is free to alter its decision upon further consideration of the matter. *See Morrell v. Morrell*, 48 Ark.App. 54, 889 S.W.2d 772 (1994). "Simply put, the written order controls." *McGhee*, 368 Ark. at 67, 243 S.W.3d at 284.

The majority seems to believe it is bound to review allegedly erroneous findings in this unincorporated letter opinion unless it expands our holding in *Moses v. Dautartas*, 53 Ark.App. 242, 922 S.W.2d 345 (1996). I disagree. *Moses* did not hold, as the majority states, that "if a circuit court's unincorporated letter opinion and its judgment conflict, then the judgment controls and the appellate court may not look behind it. 53 Ark.App. at 247, 922 S.W.2d at 348." *Moses* held that the chancellor's findings in that case were not "clearly against a preponderance of the evidence." 53 Ark.App. at 246–47, 922 S.W.2d at 348. Then, in rejecting the dissent's contention that the case must be remanded "to cure a perceived inconsistency between the chancellor's letter opinion and the final judgment," the court explained the dissent's flawed view by stating that the letter opinion was not a judg-

ment, by holding that a final determination of the parties' rights had not been made until the entry of the judgment, and by quoting the following well-established law: "The decisions, opinions, and findings of a court do not constitute a judgment or decree. They merely form the bases upon which the judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in a judgment or a judgment be entered thereon." *Moses*, 53 Ark.App. at 247, 922 S.W.2d at 348 (quoting *Thomas v. McElroy*, 243 Ark. 465, 469–70, 420 S.W.2d 530, 533 (1967)). The court in *Moses* then said that this issue of an alleged inconsistency between the chancellor's letter and the final judgment was not raised at the trial court or on appeal. *Id.* at 247, 922 S.W.2d at 348. The court did not hold that it was barred from considering an unincorporated letter opinion only when it conflicted with the judgment.

In this case, we are tasked to review the judgment, not findings in an unincorporated letter opinion. The circuit court chose not to include the allegedly erroneous finding in its final judgment. Thus, in my view we should do our job, review the judgment, and affirm this case.

HENRY, J., joins.