# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-712

| | |
|---|---|
| DEBORAH MARTIN, as administrator of the ESTATE OF AMANDA MICHELLE MARTIN<br><br>APPELLANT<br><br>V.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY<br><br>APPELLEE | **Opinion Delivered:** March 18, 2015<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO.CV-2013-774-5]<br><br>HONORABLE DOUG SHRANTZ, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant appeals from the circuit court's grant of appellee's motion for summary judgment. On appeal, appellant argues that (1) the circuit court lacked authority to vacate its original order denying summary judgment, (2) appellee's motion for reconsideration failed to state or allege proper grounds for the circuit court to vacate its prior order, and (3) the circuit court's order to vacate its prior order denying summary judgment was not authorized. We affirm.

On July 31, 2011, Amanda Martin and Richard Copp were involved in an automobile collision resulting in both of their deaths. At the time of the accident, Copp was operating a vehicle owned by Rhonda Stanley, the named insured and policyholder of appellee. On May 23, 2013, the Estate of Amanda Martin, appellant, filed a complaint for declaratory judgment to have the circuit court find that Copp was an insured under appellee's liability automobile insurance policy issued to Stanley. In its answer filed August

26, 2013, appellee denied that Copp was an insured or an insured driver under the policy, because he did not have permission to use the vehicle and because of a coverage exclusion for driving on a suspended driver's license.

Appellee filed a motion for summary judgment and a separate brief in support thereof on December 9, 2013. Appellant responded on December 30, 2013, to which appellee responded on January 7, 2014. A hearing on appellee's summary judgment motion was held on January 28, 2014. At the conclusion of the hearing, the court orally denied appellee's motion, but allowed appellee ten days to plead further. Appellant's counsel was ordered to provide the court with an order. Appellant's counsel failed to submit an order to the court.

On February 6, 2014, appellee filed a document titled "Motion for Consideration of Defendant's Motion for Summary Judgment." Appellant's response and brief in support was filed on February 18, 2014.

On April 17, 2014, the circuit court entered a letter opinion noting that it had ruled from the bench at the January 28, 2014 hearing; that appellee had moved to reconsider prior to an order being entered to which appellant responded; and that the motion was ripe. The court stated the following:

> Previously at hearing of the motion, the Court found that the term "partner" as used in the contract of insurance was ambiguous and denied the motion for summary judgment. Upon reconsideration, the Court acts to correct a mistake.

> The initial question that must be answered in this matter is whether there was insurance that provides coverage for Mr. Copp. The answer to that question is no. The policy clearly excludes drivers who have a suspended license. Mr. Copp's license was suspended. Therefore, he was not insured under the policy in question.

Accordingly, the court granted appellee's motion for summary judgment. The same was memorialized in an order filed on May 5, 2014. This timely appeal followed.

All three of appellant's arguments on appeal are made pursuant to Arkansas Rule of Civil Procedure 60(a).[1] She makes no argument that factual questions remain unanswered, arguing solely that the court was not authorized to modify its oral order under Arkansas Rule of Civil Procedure 60(a).[2] Accordingly, we only address appellant's assertion that the circuit court lacked authority to reconsider its oral ruling and issue a different ruling under Arkansas Rule of Civil Procedure 60(a).

Arkansas Rule of Civil Procedure 60(a) states that "[t]o correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk." This rule permits modification or change to an order within ninety days *after* it has been filed. Though the court orally denied appellee's motion for summary judgment, appellant never submitted an order to the court, and no order was entered.[3]

---

[1] (2014).

[2] In appellant's third argument, she does discuss the court's finding that the term "partner" was ambiguous; however, she does so only to the extent necessary to summarize the court's initial oral order for the purpose of comparing it with its May 5, 2014 order. This appears to have been done for the sole purpose of concluding that such a change in opinion "clearly exceeded the scope of authority under Arkansas Rule of Civil Procedure 60(a)."

[3] A judgment, decree, or order is "entered" when it is stamped or marked by the clerk. *Allen v. Allen*, 99 Ark. App. 292, 296, 259 S.W.3d 480, 483 (2007) (citing *Price v. Price*, 341 Ark. 311, 16 S.W.3d 248 (2000); Adm. Sup. Ct. Admin. Order No. 2)).

SLIP OPINION

We note that appellant appears to rely on the appellee's title of its post-hearing motion to support her Arkansas Rule of Civil Procedure 60(a) argument. On January 28, 2014, the circuit court orally permitted appellee to plead its summary-judgment motion further within ten days of the hearing. Eight days later, on February 6, 2014, appellee filed a document entitled "Motion for Consideration of Defendant's Motion for Summary Judgment." We have previously held that motions should be liberally construed and that courts should not be blinded by titles but should look to the substance of motions to ascertain what they seek.[4] Accordingly, though so titled, appellee's motion was not a motion for reconsideration subject to Arkansas Rule of Civil Procedure 60(a) as asserted by appellant. Appellee's motion was simply appellee's exercise of its right, as granted by the circuit court, to plead further. Appellee's motion could not have been pursuant to Arkansas Rule of Civil Procedure 60(a), as argued by appellant, when no order had been entered.

Of final note, appellant states in her brief that "[p]resumably, the circuit court granted the appellee's motion for reconsideration pursuant to Ark. R. Civ. Proc. [sic] Rule 60(a)." Appellant does not provide any evidence for her presumption. Nowhere in the record before this court does the circuit court reference Arkansas Rule of Civil Procedure 60(a). Accordingly, appellant's presumption that the circuit court took the action it did pursuant to Arkansas Rule of Civil Procedure 60(a) is in error. This rule simply does not apply.

---

[4] *Jackson v. Mundaca Fin. Servs., Inc.*, 349 Ark. 84, 91, 76 S.W.3d 819, 824 (2002) (quoting *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997) (citing *Cornett v. Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987))).

SLIP OPINION

In *National Home Centers, Inc. v. Coleman*, the court stated the following regarding when an order becomes effective:

> Pursuant to Administrative Order 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed. Moreover, Ark. R. Civ. P. 58 provides that "[a] judgment or order is effective only when so set forth and entered as provided in Administrative Order No. 2." This rule eliminates or reduces disputes between litigants over what a trial court's oral decision in open court entailed. If a trial court's ruling from the bench is not reduced to writing and filed of record, it is free to alter its decision upon further consideration of the matter. Simply put, the written order controls.[5]

Appellant's entire argument is that the court lacked authority to change its decision because an order had not been entered. The decisions, opinions, and findings of a court do not constitute a judgment or decree.[6] They merely form the bases upon which the judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in a judgment or a judgment be entered thereon.[7] They are more in the nature of the verdict of a jury and no more a judgment than such a verdict.[8] Because she admits that an order had not been entered, her argument must fail because to admit the same is to admit that the court's oral order was not effective. Accordingly, the circuit court was acting entirely within its authority when it changed its decision, which it then entered, after reconsidering appellee's arguments.

---

[5] 370 Ark. 119, 120–21, 257 S.W.3d 862, 863 (2007) (citing *McGhee v. Ark. Bd. of Collection Agencies*, 368 Ark. 60, 243 S.W.3d 278 (2006); Ark. R. Civ. P. 58 (2006)).

[6] *T & S Mach. Shop, Inc. v. KD Sales*, 2009 Ark. App. 836, at 5, 372 S.W.3d 410, 413 (citing *Moses v. Dautartas*, 53 Ark. App. 242, 922 S.W.2d 345 (1996)).

[7] *Id.*

[8] *Id.*

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Martin Law Firm*, by: *Aaron L. Martin*, for appellant.

*Benson & Associates, P.L.C.*, by: *Joe Benson* and *Justin Bennett*, for appellee.