SLIP OPINION

Cite as 2016 Ark. 286

# SUPREME COURT OF ARKANSAS
No.

| | |
|---|---|
| IN RE ARKANSAS RULES OF PROFESSIONAL CONDUCT, RULE 1.5 | **Opinion Delivered** June 23, 2016 |

## PER CURIAM

The Supreme Court Committee on Professional Conduct is recommending that the court amend Rule 1.5 of the Rules of Professional Conduct. We publish the proposal for comment. Comments should be made in writing before September 1, 2016, and they should be addressed to: Stacey Pectol, Clerk, Supreme Court of Arkansas, Attention: Professional Conduct, Rule 1.5, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201.

Proposed changes are set out in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

**Arkansas Rules of Professional Conduct**

**Rule 1.5. Fees**.

(a) A lawyer's fee shall be reasonable. A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

SLIP OPINION

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

(b)(1)  The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.

(2) Any agreement between a lawyer and a client likely to result in a total fee in excess of $1,000.00, or any agreement for a retainer in excess of $1,000.00, shall be confirmed in writing and shall state the method by which any sums due to the lawyer will be calculated.

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or

SLIP OPINION

other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

(d) A lawyer shall not enter into an arrangement for, charge, or collect:

(1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or property settlement in lieu thereof. Provided, however, after a final order or decree is entered a lawyer may enter into a contingent fee contract for collection of payments which are due pursuant to such decree or order; or

(2) a contingent fee for representing a defendant in a criminal case.

(e) A division of fee between lawyers who are not in the same firm may be made only if:

(1) the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the

representation;

> (2) the client is advised of and does not object to the participation of all the lawyers involved; and

> (3) the total fee is reasonable.

(f) In the absence of a written agreement to the contrary, any payment of funds from a client to a lawyer shall be presumed to be an advance payment of fees or costs, to be earned or expended in the future, and shall be maintained in the lawyer's client trust account, until earned or expended.

## COMMENT

**Reasonableness of Fee and Expenses**

[1A] This rule is designed to prohibit only unreasonably high fees and is not to be construed as prohibiting free services, reduced fees or pro bono legal services.

[1] Paragraph (a) requires that lawyers charge fees that are reasonable under the circumstances. The factors specified in (1) through (8) are not exclusive. Nor will each factor be relevant in each instance. Paragraph (a) also requires that expenses for which the client will be charged must be reasonable. A lawyer may seek reimbursement for the cost of services performed in-house, such as copying, or for other expenses incurred in-house, such as telephone charges, either by charging a reasonable amount to which the client has agreed in advance or by charging an amount that reasonably reflects the cost incurred by the lawyer.

SLIP OPINION

**Basis or Rate of Fee**

[2] When the lawyer has regularly represented a client, they ordinarily will have evolved an understanding concerning the basis or rate of the fee and the expenses for which the client will be responsible. In a new client-lawyer relationship, however, an understanding as to fees and expenses must be promptly established. Generally, it is desirable to furnish the client with at least a simple memorandum or copy of the lawyer's customary fee arrangements that states the general nature of the legal services to be provided, the basis, rate or total amount of the fee and whether and to what extent the client will be responsible for any costs, expenses or disbursements in the course of the representation. A written statement concerning the fee terms of the engagement reduces the possibility of misunderstanding.

[3] Contingent fees, like any other fees, are subject to the reasonableness standard of paragraph (a) of this Rule. In determining whether a particular contingent fee is reasonable, or whether it is reasonable to charge any form of contingent fee, a lawyer must consider the factors that are relevant under the circumstances. Applicable law may impose limitations on contingent fees, such as a ceiling on the percentage allowable, or may require a lawyer to offer clients an alternative basis for the fee. When there is doubt whether a contingent fee is consistent with the client's best interest, the lawyer should offer the client alternative bases for the fee and explain their implications, Applicable law also may apply to situations other than a contingent fee, for example, government regulations regarding fees in certain tax matters.

SLIP OPINION

**Terms of Payment**

[4] A lawyer may require advance payment of a fee, but is obliged to return any unearned portion. See Rule 1.16(d). <u>A "general" retainer securing only the attorney's availability in the future is fully-earned and generally non-refundable if so designated in a writing signed by the attorney and the client at the time of the payment of such fee, and any such fee is not to be placed into a client trust account</u>. A lawyer may accept property in payment for services, such as an ownership interest in an enterprise, providing this does not involve acquisition of a proprietary interest in the cause of action or subject matter of the litigation contrary to Rule 1.8(I). However, a fee paid in property instead of money may be subject to the requirements of Rule 1.8(a) because such fees often have the essential qualities of a business transaction with the client.

[5] An agreement may not be made whose terms might induce the lawyer improperly to curtail services for the client or perform them in a way contrary to the client's interest. For example, a lawyer should not enter into an agreement whereby services are to be provided only up to a stated amount when it is foreseeable that more extensive services probably will be required, unless the situation is adequately explained to the client. Otherwise, the client might have to bargain for further assistance in the midst of a proceeding or transaction. However, it is proper to define the extent of services in light of the client's ability to pay. A lawyer should not exploit a fee arrangement based primarily on hourly charges by using wasteful procedures.

**Prohibited Contingent Fees**

[6] Paragraph (d) prohibits a lawyer from charging a contingent fee in a domestic relations matter when payment is contingent upon the securing of a divorce or upon the amount of alimony or support or property settlement to be obtained. This provision does not preclude a contract for a contingent fee for legal representation in connection with the recovery of post-judgment balances due under support, alimony or other financial orders because such contracts do not implicate the same policy concerns.

**Division of Fee**

[7] A division of fee is a single billing to a client covering the fee of two or more lawyers who are not in the same firm. A division of fee facilitates association of more than one lawyer in a matter in which neither alone could serve the client as well, and most often is used when the fee is contingent and the division is between a referring lawyer and a trial specialist. Paragraph (e) permits the lawyers to divide a fee either on the basis of the proportion of services they render or if each lawyer assumes responsibility for the representation as a whole. In addition, the client must agree to the association of other counsel, and the agreement must be confirmed in writing. Contingent fee agreements must be in a writing signed by the client and must otherwise comply with paragraph (c) of this Rule. Joint responsibility for the representation entails financial and ethical responsibility for the representation as if the lawyers were associated in a partnership. A lawyer should only refer a matter to a lawyer whom the referring lawyer reasonably believes is competent to

handle the matter. See Rule 1.1.

[8] Paragraph (e) does not prohibit or regulate division of fees to be received in the future for work done when lawyers were previously associated in a law firm.

**Disputes over Fees**

[9] If a procedure has been established for resolution of fee disputes, such as an arbitration or mediation procedure established by the bar, the lawyer must comply with the procedure when it is mandatory, and, even when it is voluntary, the lawyer should conscientiously consider submitting to it. Law may prescribe a procedure for determining a lawyer's fee, for example, in representation of an executor or administrator, a class or a person entitled to a reasonable fee as part of the measure of damages. The lawyer entitled to such a fee and a lawyer representing another party concerned with the fee should comply with the prescribed procedure.

**Writing Requirement for Flat Fee, Fixed Fee, or Retainer Agreements**

[10] Subsection (b)(2) provides a specific rule requiring that agreements for a total fee likely to exceed $1,000.00, or any agreement for a retainer in excess of $1,000.00, shall be confirmed in writing.

Further, if the client may later be determined to owe any additional sums to the lawyer, the writing must state the method by which those additional sums will be calculated. This writing should be provided to the client as early as possible in order to avoid any misunderstanding and preferably would have been signed by the client at or near the

SLIP OPINION

inception of the representation.

[11] There are many different types of "retainer" fee agreements, depending on the intentions of the lawyer and the client. In general, lawyers and clients often use the following types of retainer agreements:

1. "General" or engagement retainer: This agreement is a payment only for the future "availability" of the lawyer during a given period of time. Such payments are not for any specific legal services rendered or to be rendered to the client, and are fully earned upon receipt by the lawyer. Such payments should not be deposited into any trust account, as the funds no longer belong to the client and are generally not refundable.

2. "Advanced" fee retainer or security retainer: This retainer is a fee received by the lawyer in advance of legal services being performed in a matter, and can be a flat fee, fixed fee, one for hourly billing, or otherwise. Advanced fees are deposited into and maintained in a trust account until earned. Such retainers are refundable until earned, and the written engagement agreement should clearly indicate the circumstances in which such funds become the property of the lawyer. Upon the occurrence of such circumstance, the funds are earned and should be promptly removed from the lawyer's trust account to avoid "commingling."

3. Flat fee or fixed fee: This fee is an advance payment retainer or fee for a fixed charge for legal services that is a complete and maximum payment and does not vary with the amount of time or effort required by the attorney to complete the legal services required

in the matter. Such a fee shall be deposited into the lawyer's trust account and maintained there until earned. The lawyer and client may agree in a writing signed by the client that the funds become the property of the lawyer immediately upon engagement.   In that event, the funds must not be deposited into the lawyer's trust account.

4. "Non-refundable" retainers or fees: A retainer or fee that is treated by the attorney as "non-refundable" shall be clearly so labeled and explained in a writing signed by the client at the inception of the relationship. Any such retainer or fee is subject to the general reasonableness standard of Rule 1.5(a), the requirement in Rule 1.16(d) that the fee be earned, and must also be consistent with public policy.

**Presumption**

[12] Subsection (f) provides a presumption that all payments from a client to a lawyer constitute the advance payment of fees or costs, and so must be maintained in the lawyer's trust account.   The presumption does not apply when there is a writing signed by the client which states otherwise, such as an engagement letter, or other written fee agreement.