

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV 15-1041

PANHANDLE OIL AND GAS, INC.

APPELLANT

V.

BHP BILLITON PETROLEUM
(FAYETTEVILLE) LLC

APPELLEE

**Opinion Delivered:** September 7, 2016

APPEAL FROM THE FAULKNER
COUNTY CIRCUIT COURT
[NO. 23CV-13-50]

HONORABLE MIKE MURPHY,
JUDGE

DISMISSED WITHOUT PREJUDICE

## RAYMOND R. ABRAMSON, Judge

This appeal involves three dismissals of appellant Panhandle Oil and Gas's (Panhandle) claims against appellee BHP Billiton Petroleum Fayetteville (BHP). Panhandle argues that the circuit court erred by granting two of the motions to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b)(6) in an unexplained fashion; specifically contending that the circuit court did not explain why Panhandle's pleadings were deficient. Panhandle also argues that the circuit court erred by dismissing its claims against BHP in its third amended complaint under Arkansas Rule of Civil Procedure 41(b). Before we reach the merits of Panhandle's appeal, we must first address a jurisdictional issue.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Although the parties did not raise the issue, the question of whether an order is final and

subject to appeal is a jurisdictional question that the appellate court will raise on its own. *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 482. The requirement of a final judgment is the cornerstone of appellate jurisdiction; this court reviews only final orders. Ark. R. App. P.–Civ (2)(a); *Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80.

The procedural history of this case is, at best, convoluted. However, the procedural history is germane to the conclusion of this court and therefore is recited in some detail. In recent years, Panhandle had acquired oil and gas rights in numerous tracts in the Fayetteville shale play. In May 2005, Panhandle and separate defendant Chesapeake Exploration, LLC (Chesapeake) entered into a written agreement (the "May 2005 Agreement"), which stated that Chesapeake would provide wellbore proposals to Panhandle for oil and gas wells in certain identified sections of land in Arkansas where Panhandle owns forty or more net mineral acres and Chesapeake desires to drill a well. Upon receiving a wellbore proposal, Panhandle would then decide if it wanted to participate in the well. Panhandle argues that the obligations of Chesapeake (and its assigns) included two things: (1) submit a well proposal in the event a well was to be drilled; and (2) in the event Panhandle elected to participate in a well, execute a wellbore assignment of any "Retained Interest," which was a defined term. The contract was designed to allow Panhandle to participate in the development of its minerals even though Panhandle would not drill the well itself.

Beginning in 2009, Panhandle claims that it began experiencing significant delays in receiving well proposals and other pertinent information. In an effort to remedy this, Panhandle and Chesapeake entered into another agreement, which is referred to as "the

August 2010 Agreement."[1] On January 1, 2011, Chesapeake assigned its remaining interest in the Panhandle Leases to BHP.

On January 14, 2013, Panhandle filed suit against Chesapeake based on Chesapeake's alleged breaches of the May 2005 Agreement and also named BHP as a defendant. In its first amended complaint, filed on June 21, 2013, Panhandle asserted causes of action against BHP for breach of the May 2005 Agreement, specific performance of the same, an equitable accounting, and unjust enrichment.[2]

On July 11, 2013, BHP moved to dismiss the first amended complaint's cause of action against it under Arkansas Rule of Civil Procedure 12(b)(6) for failure to adequately state a claim. BHP argued that the first amended complaint sought to extend the May 2005 Agreement beyond its written terms, failed to allege sufficient facts—including an adequate basis to support successor liability—and failed to allege claims for an equitable accounting or unjust enrichment. After Panhandle responded on July 25, 2013, the circuit court heard oral arguments on the issues raised in the motion and response. On October 31, 2013, the circuit court dismissed BHP from the case.

On November 21, 2013, Panhandle filed its second amended complaint, pursuant to Rule 15(a) of the Arkansas Rules of Civil Procedure, asserting claims against both BHP and

---

[1] Due to a mutual mistake of the parties to the August 2010 Agreement, eight leased sections in which Panhandle owned forty or more net mineral acres were accidentally omitted.

[2] BHP was not a party to the May 2005 Agreement but was named as a defendant. In its amended complaint, Panhandle notes that BHP purchased Chesapeake's interest in the Panhandle Leases (after intervening conveyances) on January 1, 2011. By doing so, they argue, BHP assumed all of Chesapeake's rights and obligations under both the May 2005 Agreement and the August 2010 Agreement.

SLIP OPINION

defendant Chesapeake. The claims in the second amended complaint were nearly identical to the claims made in the first amended complaint. The only changes were to include various argumentative and conclusory allegations in response to BHP's previous motion to dismiss and to state new claims for reformation in which Panhandle specifically requested that the terms of the May 2005 Agreement and the August 2010 Agreement be expanded in order to impose new contractual obligations on BHP.[3] On December 23, 2013, BHP filed a motion to dismiss Panhandle's second amended complaint for the same reasons previously argued to the circuit court. Panhandle filed a written response to the motion, and the court held a hearing on February 24, 2014. On March 17, 2014, the circuit court granted BHP's motion to dismiss the second amended complaint because it failed to state facts upon which relief could be granted as to BHP.

On April 9, 2014, Panhandle filed its third amended complaint. On May 16, 2014, BHP moved to dismiss or strike this third iteration of Panhandle's claims against it because Rule 41(b) of the Arkansas Rules of Civil Procedure directs that the circuit court's second order of dismissal should be deemed to operate as an adjudication on the merits and is a dismissal with prejudice. Therefore, BHP argued that the circuit court was barred from taking up Panhandle's reasserted allegations. On June 5, 2014, Panhandle filed a response to BHP's motion; within its response was a request that the circuit court reconsider and vacate the March 17, 2014 dismissal.

Due to a unique scenario, a new circuit judge granted BHP's motion in a letter

---

[3] Panhandle has never alleged that BHP breached the August 2010 Agreement.

opinion dated December 29, 2014.[4]  In the letter opinion, the court also denied the request for reconsideration of the dismissal of the second amended complaint that was included in Panhandle's response to the motion to dismiss the third amended complaint.

On August 21, 2015, after a settlement, an agreed order of dismissal was entered regarding Panhandle's claims against Chesapeake.  A notice of appeal filed on September 18, 2015, indicates that Panhandle is appealing the following orders: "(1) Order granting motion to dismiss of Defendant, BHP Billiton Petroleum (Fayetteville) LLC ("BHP") filed on October 31, 2013; (2) Order Granting BHP's Motion to Dismiss, filed on March 17, 2013; and (3) Letter Order dated December 29, 2014, denying Plaintiff's motion to vacate and dismissing Plaintiff's Third Amended Complaint."

As noted above, the question of whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Sols., Inc.*, 372 Ark. 286, 275 S.W.3d 162 (2008). We have previously held that a ruling is not the equivalent of a written order for the purpose of determining finality on appeal; neither are letter opinions

---

[4] Judge Mike Maggio was the original circuit judge on this case. One week after the March 17, 2014 dismissal order, the Arkansas Supreme Court entered an order suspending Judge Maggio from the bench. On July 14, 2014, the Chief Justice of the Arkansas Supreme Court assigned Judge Rob Wyatt of the 11th Judicial Circuit West to hear the case, and the attorneys were notified by the Faulkner County Circuit Clerk of the appointment. In an order filed on August 19, 2014, Judge Wyatt set a motion hearing for Monday, September 22, 2014.  Judge Mike Murphy, who had been elected to the 1st Division Circuit Court of the 20th Judicial Circuit in May 2014, was appointed by Governor Mike Beebe in September 2014 to fill the vacancy in the 2nd Division Circuit Court to finish out that term through December 31, 2014. Therefore, on September 22, 2014, the Chief Justice terminated Judge Wyatt's assignment of the case. Judge Murphy held a hearing on the motion to dismiss on December 10, 2014.

SLIP OPINION

that have not been incorporated into the judgment. *See Clark v. Ark. Dep't of Human Servs.*, 2016 Ark. 286; *Wilkinson v. Smith*, 2012 Ark. App. 604. To give effect to an unincorporated letter opinion would violate the requirement that a judgment or decree must be set out in a separate document in order to be effective. Ark. R. Civ. P. 58. The decisions, opinions, and findings of a court—including those expressed in a letter opinion—do not constitute a judgment or decree; they merely form the basis upon which the judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in a judgment. *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967); *Moses v. Dautartus*, 53 Ark. App. 242, 922 S.W.2d 345 (1996); *cf. T & S Machine Shop, Inc. v. KD Sales*, 2009 Ark. App. 836, 372 S.W.3d 410.

We hold that the December 29, 2014 letter opinion in this case does not constitute a judgment or decree. It was merely the basis for a subsequent judgment or decree. In fact, the letter opinion clearly contemplated the entry of a formal order and judgment and directed BHP's counsel to prepare it. No such order or judgment is found in the record or addendum. Under these circumstances, we hold that the letter opinion dated December 29, 2014 is not a final judgment, and because our jurisdiction is therefore lacking, we dismiss the appeal.

Dismissed without prejudice.

GRUBER and WHITEAKER, JJ., agree.

*Morgan Law Firm, P.A.*, by: *M. Edward Morgan*; and *Fellers Snider Blankenship Bailey & Tippens, P.C.*, by: *Mark K. Stonecipher*, pro hac vice, and *C. Eric Shephard*, pro hac vice, for appellant.

*PPGMR Law, PLLC*, by: *Julie DeWoody Greathouse* and *Kimberly D. Logue*, for appellee.