SLIP OPINION    Cite as 2017 Ark. App. 193

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-862

| | |
|---|---|
| FREDERICK S. "RICK" SPENCER<br>APPELLANT | **Opinion Delivered** March 29, 2017 |
| | APPEAL FROM THE BAXTER<br>COUNTY CIRCUIT COURT |
| V. | [NO. 03CV-15-299] |
| | HONORABLE GORDON WEBB, |
| AIR EVAC EMS, INC. A/K/A AIR<br>EVAC LIFETEAM | JUDGE |
| APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Frederick "Rick" Spencer appeals a Baxter County Circuit Court order dismissing his quantum meruit claim against Air Evac EMS, Inc. a/k/a Air Evac Lifeteam (Air Evac) for lack of jurisdiction and for failure to state a claim. Because we agree with the circuit court that Spencer has failed to state a claim for unjust enrichment, we affirm.

The facts are straightforward and arise from a workers' compensation claim. Greg Prock and Matt Edmisten were injured in a workplace explosion. Air Evac provided air ambulance service for Prock and Edmisten after the accident but did not receive compensation because the employer denied compensability. Rick Spencer is an attorney licensed to practice law in the State of Arkansas. In 2008, Spencer began representing Prock and Edmisten in a workers' compensation action against their employer. The case proceeded all the way to the Arkansas Supreme Court, which in 2014 found their injuries compensable. *Edmisten v. Bull Shoals Landing*, 2014 Ark. 89, 432 S.W.3d 25; *Prock v. Bull Shoals Boat*

SLIP OPINION

*Landing*, 2014 Ark. 93, 431 S.W.3d 858. After the supreme court decision, Air Evac received compensation from the employer. Spencer attempted to enter into an agreement with Air Evac for compensation for his legal services in obtaining payments from the employer for Air Evac's medical-care services, but Air Evac refused to voluntarily enter into such an agreement.

In October 2015, Spencer filed a quantum meruit suit in circuit court against Air Evac to recover attorney's fees for his professional services performed in recovering payment for Air Evac's bills from Prock's and Edmisten's employer. Air Evac moved to dismiss on two grounds: (1) that the Workers' Compensation Commission (Commission) had exclusive jurisdiction over attorney's fees in workers' compensation matters and (2) that Arkansas law prohibits withholding attorney's fees from amounts paid to a medical provider unless the attorney can show that the medical provider voluntarily agreed to pay the fees, and Air Evac had not done so.

Spencer responded to the motion to dismiss, arguing that his claim was an equitable action in quantum meruit and therefore was properly brought before the circuit court. As to Air Evac's argument that he was not entitled to compensation because no agreement had been reached, he argued that the equitable theory of quantum meruit allowed for actions to recover the reasonable value of services/work performed regardless of whether there was a contract between the parties. He argued that to allow Air Evac to benefit from his services without proper compensation ran afoul of public policy and served to dis-incentivize claimants' attorneys from zealously advocating for injured workers. He also argued that, because the parties had entered a joint petition to settle the claim, the Commission lost jurisdiction over the claim.

2

SLIP OPINION

A hearing on the motion to dismiss was held in which the parties further addressed the above arguments. After hearing the arguments of counsel, the circuit court issued a letter opinion on July 27, 2016, outlining its decision to grant Air Evac's motion to dismiss:

> The Court grants [Air Evac's] Motion to Dismiss, specifically on the grounds stated in [Air Evac's] brief. On a Motion to Dismiss, the Court is to consider the facts alleged by [Spencer] to be true and grant the Motion only if, as a matter of law, [Spencer] has no basis to proceed. This Court finds that [Spencer] lacks any legal basis for the claim he asserts.
>
> One of the fundamental principles of equity jurisdiction is that equity applies in those areas where the statutory law does not adequately provide a remedy. In this case, the Worker's Compensation Law fully addresses issues of attorney's fees in Worker's Compensation cases. While this Court may have jurisdiction to hear a properly pled matter in equity, this case is not properly heard in equity as there is law that fully addresses the subject matter.
>
> [Spencer] makes an argument that the Court hear and decide this case based on a public policy argument that will encourage attorneys to more diligently pursue Worker's Compensation cases. Mr. Spencer is to be complimented for his zealous, long-term representation of his client over eight years in the original worker's compensation case. However, that is what every attorney should do. Public policy changes to established law should be left to the legislature to enact.

A formal order echoing the letter opinion was filed on August 12, 2016. Spencer appeals the decision of the circuit court.

Before we address the specific arguments that Spencer raises on appeal, we first address a jurisdictional issue. We note that Spencer filed two separate notices of appeal in this matter, and both designated the July 27, 2016 letter opinion, rather than the August 12, 2016 order, as the order being appealed. In the past, we have dismissed such appeals for lack of jurisdiction. *See Clark v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 286; *Wilkinson v. Smith*, 2012 Ark. App. 604. We have ruled that letter opinions do not constitute a judgment or decree; they merely form the basis on which the judgment or decree is subsequently to be

3

rendered and are not conclusive unless incorporated in a judgment. *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967); *Moses v. Dautartas*, 53 Ark. App. 242, 922 S.W.2d 345 (1996); *cf. T & S Machine Shop, Inc. v. KD Sales*, 2009 Ark. App. 836, 372 S.W.3d 410. Thus, we found notices of appeal from letter opinions were ineffective to confer appellate jurisdiction.

However, our supreme court in *Emis v. Emis*, 2017 Ark. 52, ___ S.W.3d ___, recently clarified the law, holding that a deficient notice of appeal may not necessarily be fatal to appellate jurisdiction (1) when it is clear which order the appellant is appealing, (2) when the notice of appeal was filed timely as to that order, and (3) where there was no prejudice to the appellee from the failure to reference the final order. All three requirements to substantial compliance set forth in *Emis* apply here. Thus, we hold that the notice in this case substantially complies with Rule 3(e) and is therefore not fatal to appellate jurisdiction.

We now consider the specific arguments raised on appeal. Spencer argues that the circuit court, not the Commission, had jurisdiction to allow the recovery of attorney's fees for services rendered in the collection of Air Evac's medical bills. First, he claims that Arkansas Code Annotated section 11-9-715 (Repl. 2012) does not apply because the parties never had an express contract for the provision of fees. In support of his claim, he cites Judge Wendell Griffen's concurring opinion in *Teasley v. Hermann Cos.*, 92 Ark. App. 40, 211 S.W.3d 40 (2005). He contends that, without the ability to seek relief in quantum meruit, medical providers have absolutely no incentive to voluntarily agree to payment of compensation in workers' compensation matters. Second, citing Arkansas Code Annotated section 11-9-805, he contends that the workers' compensation statutes restricting recovery

are inapplicable because the Commission lost jurisdiction when the joint petition to settle the claim was entered.  Finally, Spencer claims that the legislature, in enacting Arkansas Code Annotated section 11-9-715, recognized that attorneys should be paid for their costs of collection and gave the Commission jurisdiction over only those cases in which there was a contract between the attorney and the medical–care provider.  Thus, the legislative intent was to allow for such a recovery.

Here, the trial court granted the motion to dismiss, finding that Spencer failed to state a claim upon which relief may be granted.  We affirm on that basis.  When reviewing a circuit court's decision to grant a motion to dismiss, this court treats the facts alleged in the complaint as true and views them in the light most favorable to the plaintiff.  *See Brewer v. Poole*, 362 Ark. 1, 207 S.W.3d 458 (2005). Spencer pled a cause of action for unjust enrichment.  In the complaint, Spencer alleged that his clients, Prock and Edmisten, were injured on the job, that Air Evac provided air ambulance services to his clients, that Air Evac was entitled to payment for services rendered, and that Spencer's clients could not afford to pay. In the complaint, Spencer further alleged that he successfully represented Prock and Edmisten in their claims, which included the payment to Air Evac.  Spencer argues that, but for Spencer's efforts on behalf of his clients, Air Evac would not have been paid. Thus, he asserts he is entitled to attorney's fees from Air Evac.

We find that Spencer's complaint failed to state a cause of action for unjust enrichment. Spencer alleges that Air Evac provided medical services to his clients and that they were entitled to receive payment for the services rendered.  However, for a court to find unjust enrichment, a party must have received something of value to which he is not entitled and

which he must restore. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. One who is free from fault cannot be held to be unjustly enriched merely because he has chosen to exercise a legal or contractual right. *Id.* While Air Evac may have benefited from Spencer's actions in obtaining payment from the employer, so did Spencer's clients because they were no longer personally liable on the claim. Spencer contracted with his clients to obtain just such a result and was compensated for his services. Thus, Spencer has no viable claim for unjust enrichment.

We recognize that Spencer does articulate a valid public-policy argument for allowing fees under these circumstances. However, that argument is better suited to the legislature and not the courts. The legislature had before it our opinion in *Teasley* and has not yet seen fit to change or amend the law. The General Assembly's silence over "a long period gives rise to an arguable inference of acquiescence or passive approval" to the court's construction of the statute. *Couch v. Farmers Ins. Co.*, 375 Ark. 255, 264, 289 S.W.3d 909, 917 (2008).

Affirmed.

GRUBER, C.J., and VIRDEN, J., agree.

*Frederick S. "Rick" Spencer*, for appellant.

*Quattlebam, Grooms & Tull PLLC*, by: *E.B. Chiles IV* and *Sarah Keith-Bolden*, for appellee.