Cite as 2025 Ark. App. 474

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-24-541

| | |
|---|---|
| ELIZABETH AND RAY EVANS | Opinion Delivered October 8, 2025 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-24-645] |
| O.A.K. CONSTRUCTION, INC.; AND OLIVER KIESEL | HONORABLE DOUG SCHRANTZ, JUDGE |
| APPELLEES | DISMISSED WITHOUT PREJUDICE |

**WENDY SCHOLTENS WOOD, Judge**

Elizabeth and Ray Evans (the Evanses) filed an interlocutory appeal from an order of the Benton County Circuit Court denying their motion to partially dismiss O.A.K. Construction, Inc.'s (O.A.K.'s), counterclaims against them for breach of contract. On appeal, the Evanses argue that the circuit court erred in finding that the underlying home-construction contract was in compliance with Arkansas Code Annotated section 18-44-115(a)(7) (Supp. 2023) and, as a result, in refusing to bar and dismiss O.A.K.'s counterclaim. We dismiss for lack of a final, appealable order.

The Evanses own the property located at 79 Rivercliff Road in Rogers. They entered into two contracts with O.A.K. for construction at the property—the June 22, 2021 home-construction contract ("Home Contract") and the April 20, 2022 pool-cabana-construction contract ("Cabana Contract"). On March 1, 2024, the Evanses filed a complaint against

O.A.K., Oliver Kiesel, and John Doe defendants alleging numerous causes of action. These included breach of contract against O.A.K., negligence against all defendants, breach of implied warranty of sound workmanship and sound construction against O.A.K. and Kiesel, and fraud against O.A.K. and Kiesel. The contracts at issue were attached to the complaint as exhibits. O.A.K. filed an answer on May 1 and a counterclaim on June 12 alleging breach of contract and unjust enrichment related to the same construction contracts.

On June 27, the Evanses moved to "partially dismiss counterclaims" pursuant to Arkansas Rule of Civil Procedure 12(b)(6), alleging that O.A.K. had failed to "plead sufficient facts upon which relief could be granted related to providing the required Important Notice to Owner prior to the Construction of the Evans home." The Evanses alleged that O.A.K. (as a contractor under Arkansas Code Annotated section 17-25-502(2) (Supp. 2023)) failed to plead that it provided the "Important Notice to Owner" before it commenced construction. The Evanses further contended that the Home Contract did not contain the statutory notice required by Arkansas Code Annotated section 18-44-115(a)(7), which provides as follows:

> (7) The notice set forth in this subsection may be incorporated into the contract or affixed to the contract and shall be conspicuous, set out in boldface type, worded exactly as stated in all capital letters, and shall read as follows . . . .

Ark. Code Ann. § 18-44-115(a)(7) (Supp. 2023).[1]

---

[1] The version of the statute in effect when the Home Contract was entered into provided the following in part:

> (a)(4) If a residential contractor fails to give the notice required under this subsection, then the residential contractor is barred from bringing an action either at

Specifically, the Evanses argued that because the notice provided by O.A.K. was not in "boldface," it did not strictly comply with the statutory language; therefore, pursuant to section 18-44-115(a)(4), O.A.K. was barred from bringing an action at law or in equity to recover under the Home Contract. O.A.K. responded to the motion to dismiss, arguing that the required notice provided in the Home Contract was in "boldface."

In a July 18 letter opinion, the circuit court denied the Evanses' motion to partially dismiss O.A.K's counterclaims:

> [The Evanses] filed a motion to dismiss the counterclaim of [O.A.K.] alleging failure to comply with A.C.A. § 18-44-115(a)(7) because this important language notice in the contract between the parties was not set out in boldface type. [O.A.K.] has responded. The [Evanses have] replied.
>
> The fact is the contract between these parties contained the "Important Notice to Owner" as set forth and required by A.C.A. § 18-44-115(a)(7) word for word in all capital letters. The notice had signature blocks below the notice and was in fact signed by the [Evanses]. [The Evanses] now complain that the "Important Notice" was not in boldface type.
>
> The parties both acknowledge that this statute requires strict compliance because it is in derogation of the common law as memorialized in *Books-A-Million, Inc. v. Arkansas Painting and Specialties Co.*, 340 Ark. 467 (2000).
>
> Clearly this contract makes the "Important Notice" conspicuous as it is in all capital letters (as required) and it is signed by both parties acknowledging receipt of

law or in equity, including without limitation quantum meruit, to enforce any provision of a residential contract.

Ark. Code Ann. § 18-44-115(a)(4) (Supp. 2017). It was amended in 2021 to bar a lien from being obtained only for failure to provide the required notice. This amendment went into effect after the parties entered into the Home Contract but before they signed the Cabana Contract. Thus, the Evanses motion to dismiss as to the statutory notice addressed only the Home Contract.

the notice. The type used, capital letters, is certainly thicker than lower case letters. The notice is certainly conspicuous in its placement within the contract. [The Evanses] clearly had actual notice of this language as indicated by their signatures directly below the "Important Notice." The Court finds this complies with the statute and accordingly the motion is denied.

In a July 29 letter to the court, counsel for the Evanses requested that the circuit court incorporate the language of the letter opinion into the written order or restate its findings and conclusions. However, the circuit court entered a written order on July 31 stating, "Upon examination of the record," the motion to partially dismiss O.A.K.'s counterclaims is denied. The order did not incorporate the letter ruling or otherwise contain findings and conclusions. This appeal followed.

Whether an order is final and appealable is a jurisdictional question, and we are obligated to consider the issue on our own even if the parties do not raise it. *Panhandle Oil & Gas, Inc. v. BHP Billiton Petroleum (Fayetteville) LLC*, 2016 Ark. App. 376, at 5, 499 S.W.3d 667, 670. This case involves the denial of a motion to partially dismiss pursuant to Rule 12(b)(6). Ordinarily an appeal may not be taken from an order denying a motion to dismiss. *Univ. of Ark. for Med. Scis. v. Adams*, 354 Ark. 21, at 23, 117 S.W.3d 588, 590 (2003).[2]

The Evanses filed a notice of appeal on August 16 appealing the July 31 order and the July 18 letter opinion. They acknowledge that this is an interlocutory appeal but claim it

---

[2]Our appellate rules allow for an interlocutory appeal of an order denying a motion to dismiss based on the defense of sovereign immunity. Ark. R. App. P.–Civ. 2(a)(10) (2025). The rationale justifying an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *State of Ark. v. Goss*, 344 Ark. 523, 42 S.W.3d 440 (2001).

is appropriate because it "had the effect of determining and striking out the [Evanses'] complete statutory defense to certain of [O.A.K.'s] Counterclaims in accordance with Arkansas Civil Rule of Appellate Procedure 2(a)(4)." Rule 2(a)(4) provides that an appeal may be taken from "[a]n order which strikes out an answer, or any part of an answer, or any pleading in an action[.]" Ark. R. App. P.–Civ. 2(a)(4). In their jurisdictional statement, the Evanses cite *BPS, Inc. v. Parker*, 345 Ark. 381, 47 S.W.3d 858 (2001), in support of the claim that their interlocutory appeal is appropriate. *Parker*, however, does not support the Evanses' claim.

In *Parker*, the supreme court permitted the appellant to bring an appeal from a denial of a motion for summary judgment after the circuit court engaged in improper fact-finding that effectively ruled on the appellant's defense and prevented the appellant from presenting its defense to the jury. Unlike *Parker*, the circuit court in the instant case did not engage in improper fact-finding. Although the circuit court explained its reasoning for the denial of the motion to partially dismiss O.A.K.'s counterclaims in its letter opinion, that reasoning is absent from the circuit court's order.[3]

---

[3]The decisions, opinions, and findings of a court—including those expressed in a letter opinion—do not constitute a judgment or decree; they merely form the bases upon which the judgment or decree is subsequently to be rendered and are not conclusive unless incorporated into a judgment. *Wilkinson v. Smith*, 2012 Ark. App. 604, at 3. To give effect to an unincorporated letter opinion would violate the requirement that a judgment or decree must be set out in a separate document in order to be effective. Ark. R. Civ. P. 58. Rather, the order simply denied the Rule 12(b)(6) motion without any specific findings or conclusions.

5

This case is more factually analogous to *Kenmark Optical, Inc. v. Ford*, 2023 Ark. App. 431. Kenmark appealed the denial of a partial motion for summary judgment, contending that it was appealable under Arkansas Rule of Appellate Procedure–Civil 2(a)(4) because the denial effectively ruled on its affirmative defense, preventing presentation of a defense at trial. Kenmark relied on *Parker*, *supra*, to establish appellate jurisdiction. In dismissing the appeal for lack of a final, appealable order, we distinguished *Parker*, concluding that the order (1) did not serve as a final disposition regarding the constitutionality of the statute, which was raised as a defense, and (2) did not prevent Kenmark's presentation of any defense at trial. We stated that for this court to have jurisdiction under Rule 2(a)(4), the appeal must be from "[a]n order which strikes out an answer, or any part of an answer, or any pleading in an action. . . ." *Kenmark*, 2023 Ark. App. 431, at 6.

In this case, the circuit court did not engage in any improper fact-finding as was the case in *Parker*. As in *Kenmark*, the order in this case did not strike a pleading. Instead it was a general denial of a motion to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b)(6). Finally, the order in this case did not contain a certification pursuant to Arkansas Rule of Civil Procedure 54(b), which could have provided jurisdiction under Arkansas Rule of Appellate Procedure–Civil 2(a)(11). For the foregoing reasons, we must dismiss this appeal for lack of jurisdiction.

Dismissed without prejudice.

KLAPPENBACH, C.J., and VIRDEN, J., agree.

*Miller, Butler, Schneider, Pawlik & Rozzell, PLLC*, by: *George M. Rozzell IV*, for appellants.

*Kutak Rock LLP*, by: *J.R. Carroll*, *Peyton Watts*, and *Kayla M. Sherrill*, for appellees.